ARMSTRONG, Judge.
Defendant Stanley Kirt was charged by bill of information with possession of phen-cyclidine (PCP), a violation of La.R.S. 40:966. Following a trial by jury defendant was found guilty as charged. Defendant was subsequently sentenced to serve five years at hard labor in custody of the Department of Corrections. The sentence was suspended and defendant was given five years of active probation and ordered to enroll in a drug rehabilitation program.
At trial, two New Orleans police officers testified that on July 9, 1989 they were on foot in the Iberville Housing Project about 11:30 P.M. when, from a distance of approximately fifteen to twenty-five feet, they observed the defendant drop an object to the sidewalk. This action was taken after the defendant apparently recognized the officers, who, although in plainclothes, were carrying flashlights and radios. The object was recovered and found to be a matchbox containing matches and a foil packet with partially burned “Clickums” (handrolled marijuana cigarettes soaked in PCP) inside. Defendant was subsequently arrested. One officer testified that when arrested, defendant was dazed, incoherent, and appeared to be intoxicated.
Defendant testified that on the night in question he was on his way to see a lady friend when he was apprehended by the officers. However, he could not recall her last name or address. He maintained that he had not dropped the matchbox and had not possessed any drugs that evening. The defendant admitted that he had previously pled guilty to possession of marijuana and illegally carrying a concealed weapon.
Counsel has filed a brief requesting only a review for errors patent. Counsel complied with the procedures outlined by Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), as interpreted by this Court in State v. Troy Benjamin, 573 So.2d 528 (La.App. 4th Cir.1990). Counsel’s detailed review of the procedural history of the case and the facts of the case indicate a thorough review of the record.
Counsel has moved to withdraw because he believes, after a conscientious review of the record, that there are no non-frivolous issues to be raised on appeal. Counsel has reviewed all available transcripts and has found no trial court rulings which arguably support the appeal. A copy of the brief was forwarded to the appellant and this Court informed the defendant that he had the right to file a brief on his own behalf. The record was forwarded to the defendant but he has not filed a pro se brief.
As per State v. Troy Benjamin, this Court has performed an independent, thorough review of all the pleadings filed in the district court, all minute entries of the district court proceedings, the bill of information and all transcripts contained in the appel record. The defendant was properly charged by bill of information with a violation of La.R.S. 40:966 and the bill was signed by an assistant district attorney. The defendant was present and represented by counsel at arraignment, all motion hearings, jury selection, trial and sentencing. A review of the trial transcript reveals that the State proved every essential element of phencyclidine possession (PCP) beyond a reasonable doubt. The sentence of five years at hard labor, suspended and *611 defendant given five years of active probation and ordered to enroll in a drug rehabilitation program is legal in all respects. Our independent review reveals no non-frivolous issues and a review of all transcripts contained in the appeal record reveal no trial court rulings which arguably supports the appeal. Accordingly, the defendant’s conviction and sentence áre affirmed. Appellant counsel’s motion to withdraw is granted.
AFFIRMED.