PLOTKIN, Judge.
Mary J. Jenkins was charged on July 18, 1990, by bill of information with violations of LSA-R.S. 40:967, distribution of cocaine (two counts), and R.S. 14:95.1, possession of a firearm by a convicted felon. She was arraigned on August 7, 1990, and pled not guilty. At a hearing on September 4, 1990, probable cause was found and a Motion to Suppress the Evidence was denied. On the first day of trial, September 19, 1990, the State elected to proceed only on the R.S. 40:967 counts; trial continued on September 20 and on September 24, 1990, a twelve member jury found the defendant guilty on one count of distribution of cocaine. She was sentenced on October 1, 1990, to five years at hard labor. On the same date, at her pre-trial conference on the R.S. 14:95.1 charge, she withdrew her former plea of not guilty and pled guilty as charged. The court then sentenced her to serve four years at hard labor without benefit of parole, probation or suspension of sentence; this sentence is to run concurrently with the five year term. She now appeals, asking this court to review the record for errors patent.
NOPD Detective Reginald Jacque of the narcotics division was working as an undercover agent in June, 1990, when he began an investigation of drug activity at 3114 Jackson Ave. Detective Jacque parked on Jackson Ave., crossed the street and knocked on the door at 3114. He did not .climb the three steps but waited at the sidewalk level. When the defendant answered the door and Jacque asked for “a 20,” she said, “Give me the money.” As he handed her $20, she looked toward the street and said, “Wait until the car pass; that [sic] the police have been around here.” (Trial transcript, p. 12). After a car had gone by, the defendant reached in her shirt and handed the officer a piece of crack cocaine. Jacque admitted the defendant never opened the screened door fully but talked with him and was seen only through the screen.
On June 10, 1990, the detective obtained a search warrant for 3114 Jackson Ave. *1381 and returned to find the defendant sitting on the steps outside the screened porch. Jacque again approached her and asked for “a 20.” She held out her right hand showing him three rocks and letting him choose one. He paid her $20 and took a piece of crack cocaine. After making his purchase, Jacque went to his car and radioed his backup team who arrested the defendant.
NOPD Detective Eddie Selby, an undercover narcotics agent working with Officer Jacque, received the radio message that Jacque had just purchased cocaine from a woman on the steps at 3114 Jackson Ave. and drove there. As Selby exited the car and walked toward the defendant, he saw her put her right hand behind her back and noticed that she had a blue steel revolver on the step behind her.
NOPD Detective Joey Williams of the narcotics division was part of the arresting team. When he spoke to the defendant, she gave her name as Carol Parker. Williams ran that name in the police computer list and found she had an alias, Mary Jenkins. However, Carol Parker’s birth date on the incident report is 10/29/50; the birth date of Mary Jenkins on the computer printout is 2/25/63. In order to resolve the birth date discrepancy, NOPD Officer John Riviere typed the defendant’s social security number into the International Crime Information Center computer to find that a Mary Jenkins with a birth date of 10/24/48 was listed as having an alias of Carol Parker whose birth date was listed as 10/29/50.
The defendant testified that she was sitting on the steps at 3114 Jackson Ave. on June 10, 1990, but denied selling drugs to Detective Jacque. She explained that she had gone there to have her hair styled and because the drier was broken, she was outside letting the wind dry her hair. She gave her name as Carol Parker and denied using the alias of Mary Jenkins. She also denied selling drugs but admitted to an aggravated battery conviction in 1982.
Counsel complied with the procedures outlined by Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), as interpreted by this Court in State v. Troy Benjamin, 573 So.2d 528 (La.App. 4th Cir.1990). Counsel’s detailed review of the procedural history of the case and the facts of the case indicate a thorough review of the record. Counsel has moved to withdraw because he believes, after a conscientious review of the record, that there are no non-frivolous issues to be raised on appeal. Counsel has reviewed all available transcripts and has found no trial court rulings which arguably support the appeal. A copy of the brief was forwarded to the appellant and this Court informed the defendant that she had the right to file a brief on her own behalf. She has not done so.
As per State v. Benjamin, this Court has performed an independent, thorough review of all the pleadings filed in the district court, all minute entries of the district court proceedings, the bill of information and all transcripts contained in the appeal record. The defendant was properly charged by bill of information with violations of LSA-R.S. 40:967 and R.S. 14:95.1 and the bill was signed by an assistant district attorney. The defendant was present and represented by counsel at arraignment, all motion hearings, jury selection, trial and sentencing. A review of the trial transcript reveals that the State proved every essential element of distribution of cocaine beyond a reasonable doubt and that the defendant pled guilty to possession of a firearm by a convicted felon. The sentences of five years at hard labor for distribution of cocaine and four years for possession of a firearm by a convicted felon are legal in all respects. Our independent review reveals no non-frivolous issues and a review of all transcripts contained in the appeal record reveals no trial court ruling which arguably supports the appeal. Accordingly, the defendant’s conviction and sentence are affirmed. Appellant counsel’s motion to withdraw is granted.
AFFIRMED.