WARD, Judge.
Anthony M. Roche and Anthony Myles, also known as Jamie Lee Myles, were charged by bill of information on October 25, 1990, with distribution of cocaine, a violation of LSA-R.S. 40:967. At arraignment on November 9,1990, both pleaded not guilty. The trial court found probable cause and denied the Motion to Suppress the Evidence on January 4, 1991. A twelve-member jury found each defendant guilty as charged on October 23, 1991. The State filed multiple bills, and at the hearing on October 30, 1991, both Roche and Myles were found to be third offenders; each was sentenced under R.S. 15:529.1 to serve twenty years at hard labor. They now appeal, asking this court to review the record for errors patent.
At trial NOPD Officer Randy Lewis described buying crack cocaine from the appel *451 lants when he was working as an undercover agent in Operation Squeeze Play on August 29, 1990. While wearing plain clothes and driving an unmarked car on Newton Street in Algiers, Lewis saw Anthony Roche wave at him. Lewis stopped and Roche approached the passenger’s side of the car, offering to sell narcotics. When Lewis agreed to buy, Roche asked Myles, who was standing nearby, for a “twenty.” Myles walked over to the car and opened his hand to show Lewis two small rocks. Lewis took one and handed Myles two ten dollar bills. As Lewis drove away, he described the two men to his backup team through his radio transmitter. Then he drove around the block, saw the backup team interviewing Roche and Myles, and indicated to the detectives that they had stopped the two men who had sold him crack cocaine.
The parties stipulated that the substance Lewis bought was tested and proved to be crack cocaine.
Detectives Wayne Crecioni and Jean Beek-meyer served as backup team to Randy Lewis. They were in uniform but driving an unmarked car, and they remained a block behind Lewis during his purchase of the drug. As soon as he radioed a description of the two men who sold him cocaine, they drove to the corner of Newton and Nunez Streets where they found the two. The detectives stopped and conducted a field interview in which they asked the appellants their names, addresses, and dates of birth. They also noted that each man had a tattoo; Roche had a playboy bunny tattooed on his upper left arm, and Myles had ‘Wankie” tattooed on his upper left arm. Later the appellants were arrested.
James Myles testified that he and Anthony Roche were on the corner of Newton and Nunez Streets about 11 P.M. of August 29, 1990, when someone pulled up and tried to talk with them. They paid no attention to the man who stayed about five minutes. Later two officers stopped and began to question them. Myles said, that when he was asked his name, he gave his brother’s name, Anthony, because he was wanted for parole violation. When the police came to arrest him on October 23, 1990, they asked for Anthony but shortly thereafter realized the mistake and arrested him. Myles admitted prior convictions for possession of stolen property and for possession of marijuana and cocaine.
Anthony Roche took the stand and denied selling or lining up a sale of cocaine to Officer Lewis. Roche acknowledged he had pri- or convictions for burglary and robbery.
Counsel has filed a brief requesting only a review for errors patent. Counsel complied with the procedures outlined by Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), as interpreted by this Court in State v. Troy Benjamin, 573 So.2d 528 (La.App. 4th Cir.1990). Counsel’s detailed review of the procedural history of the case and the facts of the case indicate a thorough review of the record. Counsel has moved to withdraw because he believes, after a conscientious review of the record, that there are no non-frivolous issues to be raised on appeal. Counsel has reviewed all available transcripts and has found no trial court rulings which arguably support the appeal.
A copy of the brief and a letter informing him he had the right to file a brief on his own behalf was forwarded to Anthony Roche but it was sent to Myles’ address. Myles has not filed a pro se brief. On August 11, 1993, Anthony Roche did file a brief, arguing that the statute under which he was sentenced, R.S. 15:529.1, was unconstitutional because it violates the constitutional requirement for separation of powers and denies equal protection. However, the Supreme Court of Louisiana recently held that the multiple offender statute does not violate the separation of powers doctrine and is therefore not unconstitutional. State v. Lemuel Dorthey, 623 So.2d 1276 (La.1993).
As per State v. Troy Benjamin, this Court has performed an independent, thorough review of all the pleadings filed in the district court, all minute entries of the district court proceedings, the bills of information and all transcripts contained in the appeal record. The defendants were properly charged by bills of information with violations of R.S. 40:967 and the bills were signed by an assistant district attorney. The defen *452 dants were present and represented by counsel at arraignment, all motion hearings, jury selection, trial and sentencing. A review of the trial transcript reveals that the State proved every essential element of distribution of cocaine beyond a reasonable doubt. The sentences of twenty years at hard labor for third offenders is legal in all respects. Our independent review reveals no non-frivolous issues and a review of all transcripts contained in the appeal record reveals no trial court ruling which arguably supports the appeal. Accordingly, the defendants’ convictions and sentences are affirmed. Appellants’ counsel’s motion to withdraw is granted.
AFFIRMED.