573 So.2d 528 (1990)
STATE of Louisiana
v.
Troy L. BENJAMIN.
No. 89-KA-2001.
Court of Appeal of Louisiana, Fourth Circuit.
December 28, 1990.
Harry F. Connick, Dist. Atty., Richard M. Olsen, Asst. Dist. Atty., New Orleans, for plaintiff-appellee.
M. Craig Colwart, Orleans Indigent Defender Program, New Orleans, for defendant-appellant.
Before SCHOTT, C.J., and KLEES and PLOTKIN, JJ.
SCHOTT, Chief Judge.
A New Orleans shoe store was burglarized on January 31, 1987. Responding to an alarm, a police officer arrived at the scene and found the front door glass broken and defendant Troy Benjamin crawling out through the hole in the glass. Defendant dropped a pair of socks when he saw the officer. After being arrested and charged with simple burglary, LSA-R.S. 14:62, the defendant was convicted and sentenced *529 to three years at hard labor under the Habitual Offender Law, R.S. 15:529.1.
Appellate counsel for defendant, who is an indigent, filed a brief in this court containing no assignments of error but requesting a review for errors patent on the face of the record. C.Cr.P. Art. 920. This is similar to what has become known as an "Anders" brief. While decisions in such cases are usually not published by this court, publication of the decision in this case is appropriate in order to insure that counsel handling such cases in the future comply with Lofton v. Whitley, 905 F.2d 885 (5th Cir.1990).
Examination of the problem begins with a review of Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). In this case, counsel, appointed to represent an indigent defendant on appeal, informed the court that he would not file a brief because he believed the appeal had no merit and that the defendant wished to file a brief in his own behalf. At this point the defendant requested the appointment of another attorney. The court allowed the defendant to file a brief in his own behalf, but denied his request for new counsel. After reviewing his brief and the district court record, the California appellate court affirmed his conviction. The United States Supreme Court, however, concluded that California's "no merit letter" procedures followed by counsel in the case denied the defendant effective assistance of counsel because the defendant was not furnished with counsel acting in the role of an advocate. 87 S.Ct. at 1399. The Court outlined the procedure for appellate counsel to follow in such circumstances:
[I]f counsel finds [the] case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw. That request must, however, be accompanied by a brief referring to anything in the record that might arguably support the appeal. A copy of counsel's brief should be furnished the indigent and time allowed him to raise any points that he chooses; the courtnot counsel then proceeds, after a full examination of all the proceedings, to decide whether the case is wholly frivolous. If it so finds it may grant counsel's request to withdraw and dismiss the appeal insofar as federal requirements are concerned, or proceed to a decision on the merits, if state law so requires. On the other hand, if it finds any of the legal points arguable on their merits (and therefore not frivolous) it must, prior to decision, afford the indigent the assistance of counsel to argue the appeal.
Id. at 1400.
Thus, the question presented in Anders was: What should happen when an indigent appellant has been provided with appointed counsel, and counsel determines, after a conscientious examination of the record and the legal authorities, that there are no non-frivolous issues to present on appeal? The answer provided by Anders is that counsel must raise issues from the record which "arguably" support the appeal; a copy of the brief and motion to withdraw are forwarded to the appellant who is given an opportunity to file a brief; and the appellate court then decides if the appeal is wholly frivolous and acts on counsel's motion to withdraw.
In Lofton v. Whitley, 905 F.2d 885 (5th Cir.1990), a federal appeals court for the first time reviewed under Anders and its progeny the procedures followed by this court in reviewing "errors patent" cases. In Lofton, the defendant was convicted of second degree murder and sentenced to life imprisonment. Appellate counsel filed a two-page brief in this Court, requesting only a review for errors patent on the face of the record. Lofton's conviction and sentence were affirmed by this Court in a short opinion:
Defendant appeals his conviction and sentence of life imprisonment at hard labor without the benefit of parole, probation or suspension of sentence for second degree murder, LSA-R.S. 14:30.1. In his sole assignment of error, defendant requests this court to review the record for errors patent and to reverse his conviction and sentence.

*530 Having examined the documents in the record, we find no errors patent. Upon review of the 185 page transcript of the jury trial, in accordance with State v. Raymo, 419 So.2d 858 (La.1982), we conclude there was sufficient evidence upon which a rational trier of fact could find the defendant guilty beyond a reasonable doubt.
Accordingly, the conviction and sentence are affirmed.
State v. Lofton, 442 So.2d 796 (La.App. 4th Cir.1983). After exhausting State habeas corpus remedies, Lofton filed a pro se writ in federal district court alleging several claims including ineffectiveness of appellate counsel. The district court denied relief and Lofton appealed to the Court of Appeals, Fifth Circuit.
The Fifth Circuit concluded that Lofton was constructively denied assistance of counsel on appeal because his counsel filed a brief which did not assert arguable error, and, under Penson v. Ohio, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988), prejudice to the appellant is presumed. The Court based its decision on findings that (1) counsel, by failing to present "anything arguably supporting an appeal", effectively withdrew from the case without complying with the requirements of Anders, Lofton at 887; and, (2) it was unclear from the record that the state appellate court performed an independent, thorough review of the record for any arguable basis for appeal. Lofton, at 888.
In an effort to comply with the Lofton decision this Court unanimously adopted Internal Rule 11, which now governs processing of "errors patent" cases. This rule provides:
1. A court-appointed appellate attorney may file a motion to withdraw if the attorney, after a conscientious and thorough review of the trial court record, determines that the appeal is wholly frivolous. One copy of the motion, prepared for the signature of three judges, should be filed.
2. The appellant's brief should accompany the motion to withdraw. The brief shall comply with Rule 2-12, Uniform Rules, Courts of Appeal, and should include a thorough review of the procedural history of the case, a review of the facts of the case, a reference to anything in the record that might arguably support the appeal or a statement negating the presence of such, and a statement, either in the motion to withdraw or the appellant's brief, that counsel, after a conscientious and thorough review of the trial court record, can find no non-frivolous issues to raise on appeal and no ruling of the trial court which arguably supports the appeal.
3. Counsel shall attach to the appellant's brief proof that a copy of the motion and the brief were forwarded to the appellant, with a notation whether the appellant has/has not received a copy of the trial court record and/or trial transcript. Counsel shall inform the appellant that he or she may file a supplemental brief in his or her own behalf.
4. After receiving the brief and motion, this Court shall notify the appellant that he or she should inform the court in writing within thirty days if he or she intends to file a brief.
5. If the Court finds, after an independent review of the record, that the appeal is wholly frivolous, it may grant the motion and affirm the conviction or trial court judgment. If the Court finds any legal point arguable on the merits, it may either deny the motion and order the court-appointed attorney to file a brief arguing the legal point(s) identified by the Court, or grant the motion and appoint substitute appellate counsel.
Counsel is required to review the district court record thoroughly and present any claim with arguable merit to this court. However, this court will not require appointed counsel to raise frivolous issues, then refer to legal authorities which demonstrate that these issues are in fact frivolous and thus undermine his client's position. Indigent defendants have the right to be assisted by an appellate attorney exercising professional competence and judgment. We are convinced that indigent appellants receive such assistance when an attorney, exercising professional competence *531 and judgment after a conscientious and thorough review of the record, concludes that there are no non-frivolous issues to raise on appeal and no rulings which arguably support the appeal. This is the same exercise in judgment made by an appointed or retained appellate attorney who finds one arguable issue but no other non-frivolous issues to raise on appeal. Counsel should, and must, raise whatever issues "arguably support the appeal", including arguments for change in established law when a valid basis for advocating such change exists. However, counsel need not raise issues believed to be without merit and not even arguably supportive of the appeal.
When appointed counsel has filed a brief indicating that no non-frivolous issues and no ruling arguably supporting an appeal were found after a conscientious review of the record, Anders requires that counsel move to withdraw. This motion will not be acted on until this court performs a thorough independent review of the record after providing the appellant an opportunity to file a brief in his or her own behalf. This court's review of the record will consist of (1) a review of the bill of information or indictment to insure the defendant was properly charged; (2) a review of all minute entries to insure the defendant was present at all crucial stages of the proceedings, the jury composition and verdict were correct and the sentence is legal; (3) a review of all pleadings in the record; (4) a review of the jury sheets; and (5) a review of all transcripts to determine if any ruling provides an arguable basis for appeal. Under C.Cr.P. art. 914.1(D) this Court will order that the appeal record be supplemented with pleadings, minute entries and transcripts when the record filed in this Court is not sufficient to perform this review.
Having set forth the procedures adopted by this court, we now turn to the present case. Counsel has filed a brief requesting only a review for errors patent. Counsel has conducted a detailed review of the procedural history and the facts of the case. Counsel has moved to withdraw because he believes, after a conscientious and thorough review of the record, that there are no non-frivolous issues to be raised on appeal and no ruling which arguably supports an appeal. A copy of the brief and motion to withdraw were sent to the appellant, and this Court informed the defendant that he had the right to file a brief in his own behalf. He has not done so.
This Court has reviewed all the pleadings filed in the district court, all minute entries of district court proceedings, the bill of information, the jury sheets and all the transcripts contained in the appeal record. The defendant was properly charged by bill of information and the bill was signed by an Assistant District Attorney. The defendant was present and represented by counsel at arraignment, all motion hearings, jury selection, trial and sentencing. A review of the trial transcript reveals that the State proved every essential element of the crime beyond a reasonable doubt. The sentence imposed is legal in all respects. Our independent review reveals no non-frivolous issues and no ruling which arguably support this appeal. Accordingly, the defendant's conviction and sentence are affirmed. Appellate counsel's motion to withdraw is granted.
AFFIRMED.