PLOTKIN, Judge.
Defendant Mitchell Schwartz, Jr. was charged on April 15, 1985, with violations of LSA-R.S. 40:967, possession with intent to distribute of controlled dangerous substances classified in Schedule II (six counts), LSA-R.S. 40:968, possession with intent to distribute of a controlled dangerous substance classified in Schedule III (one count), and LSA-R.S. 40:969, possession with intent to distribute of controlled dangerous substances classified in Schedule IV (two counts). He was arraigned on June 10, 1985, and pled not guilty. At trial on March 20, 1986, he was found guilty as *543 charged by a twelve member jury. This Court granted the defendant’s application for an out-of-time appeal. Mr. Schwartz now appeals, asking this Court to review his record for errors patent.
At trial NOPD Officer Charles Krone, a criminalist and an expert in the analysis of controlled dangerous substances, testified that he had examined the evidence submitted to him. He found the following:
Count Schedule Drug Description
1 II oxycodone 4 red capsules
2 II opium 5 red and white capsules
3 IV dextropropoxyphrene about 80 pills
4 II codeine 35 pills
5 III secobarbital 4 red capsules
6 II pethidine 12 white capsules
7 IV diazepam 10 blue tablets
8 II amphetamines 35 orange tablets
9 II methylphenidate 18 yellow tablets
NOPD Officer Lee Peyton testified that he arrested Mitchell Schwartz, Jr., on March 29, 1985, as a result of a narcotics surveillance investigation. Officer Peyton said that he and his partner, Officer Keen, were stationed in an unmarked car about a block from the corner of Magazine and St. Joseph Streets. They had a description of the defendant from a confidential informant and were watching for him. Upon their arrival at 7:30 A.M., the officers saw a man matching the description in front of the Methadone clinic at the corner of Magazine and St. Joseph Streets. The officer noted a 1979 black Ford Granada parked in the middle of a parking lot across the street from the Methadone clinic. Between 7:30 and 8:15 A.M., the officer observed the defendant standing in front of the clinic, speaking to those coming in and out, and then walking with eight people to look into his automobile trunk. Twice he held up pill bottles while he was talking to individuals. Officers Peyton and Keen then decided that Officer Keen would walk by the automobile trunk and signal Officer Peyton if illegal drugs were there. When Officer Peyton saw Officer Keen give the signal, he drove to the defendant’s parked car and arrested Schwartz.
Officer Keen testified that when he walked by the opened trunk, he saw plastic bags filled with pills. Keen said that brass knuckles and a gun, as well as the drugs, were taken from the defendant during the arrest. Before going to the police station, the defendant asked the officers to move his car from the parking lot onto Julia St. The car was moved to the corner of Julia and Constance Streets.
Gary Fauries testified for the defense that on the morning of March 29, 1985, he met Mitchell Schwartz at the Methadone clinic in order to pay a $10 debt he owed the defendant. Fauries said that then he, Schwartz and two friends decided to go to the A & G Cafeteria to have breakfast. He and another man were in his car in the lead position; Schwartz and a passenger were behind in Schwartz’s car. Suddenly, another car appeared and cut in between Fau-ries’ and Schwartz’s cars. The intruder car forced Mitchell Schwartz to stop at the corner of Julia and Constance Streets by “jamming” his car, by stopping at an angle in front of it. Although the intruder car was unmarked and neither the driver nor passenger in uniform, Fauries said he knew right away they were policemen. He circled the block to get another look at the incident and then drove away. Fauries admitted that he was an “inmate” of the Methadone clinic and that he had been convicted of possession of amphetamines with intent to distribute and burglary of a pharmacy, as well as five misdemeanors.
Robert Joseph Harris testified that on the morning of March 29, 1985, after he went to the Methadone clinic, he turned *544 onto Constance Street and saw there the defendant’s car stopped and Schwartz talking to two men. Harris said he had to drive around the defendant’s car but he did not remember another car at an angle to it.
Leonard Hampton of the Harbor Police Department testified that on Saturday, March 30, 1985, he issued a ticket on the defendant’s car which was parked in the 400 block of Julia Street.
Mitchell Schwartz, Jr., testified that on the morning of March 29, 1985, he went to the Methadone clinic to get his medicine. Then with three friends, he left to go to breakfast. As he drove down Constance Street to Julia Street, the police stopped him. He said he did not open the trunk of his car to show or sell drugs to anyone. All the drugs were for his own use, he claimed. Schwartz also said that the police told him “they was out to get me.” Schwartz declared that the police beat him up when they put him in the police car and that he gave a statement at the police station stating he sold drugs because he did not want to be beaten again. He admitted that he had convictions for possession of marijuana, carrying a concealed weapon and theft.
Counsel has filed a brief requesting only a review for errors patent. Counsel complied with the procedures outlined by Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), as interpreted by this Court in State v. Troy Benjamin, 573 So.2d 528 (La.App. 4th Cir.1990). Counsel’s detailed review of the procedural history of the case and the facts of the case indicate a thorough review of the record. Counsel has moved to withdraw because he believes, after a conscientious review of the record, that there are no non-frivolous issues to be raised on appeal. Counsel has reviewed all available transcripts and has found no trial court rulings which arguably support the appeal. A copy of the brief was forwarded to the appellant and this Court informed the defendant that he had the right to file a brief on his own behalf. He has not done so.
As per State v. Troy Benjamin, this Court has performed an independent, thorough review of all the pleadings filed in the district court, all minute entries of the district court proceedings, the bill of information and all transcripts contained in the appeal record. The defendant was properly charged by bill of information with violations of LSA-R.S. 40:967, R.S. 40:968, R.S. 40:969 and the bill was signed by an assistant district attorney. The defendant was present and represented by counsel at arraignment, all motion hearings, jury selection, trial and sentencing. A review of the trial transcript reveals that the State proved every essential element of each of the counts of possession of a controlled dangerous substance beyond a reasonable doubt. The sentence of ten years at hard labor is legal in all respects. Our independent review reveals no non-frivolous issues and a review of all transcripts contained in the appeal record reveals no trial court ruling which arguably supports the appeal. Accordingly, the defendant’s convictions and sentences are affirmed. Appellant counsel’s motion to withdraw is granted.