PLOTKIN, Judge.
Defendant Ronald Broussard was charged on July 11, 1989, with four counts of violating LSA-R.S. 14:64, armed robbery. He was arraigned on July 27, 1989, and pled not guilty. The court severed two of the counts. After a two day trial, on March 6 and 7, 1990, a twelve member jury found the defendant guilty as charged of two counts of armed robbery. At the sentencing hearing on March 30, 1990, Brous-sard was sentenced to thirty-five years at hard labor on each count, the terms to run concurrently. Broussard now appeals, asking this court to review the record for errors patent.
Albert Joseph, one of the victims, testified that on April 18, 1989, at about 4:30 A.M., he left his house at 5048 Ferdinand Drive and was walking to the bus stop. When at the corner of Press Street, he noticed a car slowly coming toward him with its high beam lights on. A few minutes later the car, now on his side of the street, pulled up beside him and the passenger jumped out. The man stood in front of Joseph, pointed a gun at him and said, “Give me what you got.” Joseph handed over his wallet containing $15. A few days later Joseph was shown a photo lineup from which he chose the defendant’s picture as the man who robbed him at gunpoint. Approximately two months later, Joseph viewed a physical lineup and again picked Ronald Broussard as his assailant.
Otis Robert Elmwood, another victim, testified that on April 28, 1989, at 3:17 A.M. on St. Roch Street near Urguhart Street, he and a visitor from Germany were walking home from the French Quarter. As the two walked, a car pulled up and stopped; both the driver and passenger got out. One of the men held a gun on the two boys as they emptied their pockets of about $20. After the robbery, the boys went to Elmwood’s house, called the police and gave them the license plate number of the defendant’s car. Elmwood later chose Ronald Broussard from a physical lineup.
Counsel has filed a brief requesting only a review for errors patent. Counsel com *765 plied with the procedures outlined by Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), as interpreted by this Court in State v. Troy Benjamin, 573 So.2d 528 (La.App. 4th Cir.1990). Counsel’s detailed review of the procedural history of the case and the facts of the case indicate a thorough review of the record. Counsel has moved to withdraw because he believes, after a conscientious review of the record, that there are no non-frivolous issues to be raised on appeal. Counsel has reviewed all available transcripts and has found no trial court rulings which arguably support the appeal. A copy of the brief was forwarded to the appellant and this Court informed the defendant that he had the right to file a brief on his own behalf. He has not done so.
As per State v. Troy Benjamin, this Court has performed an independent, thorough review of all the pleadings filed in the district court, all minute entries of the district court proceedings, the bill of information and all transcripts contained in the appeal record. The defendant was properly charged by bill of information with two counts of violating LSA-14:64 and the bill was signed by an assistant district attorney. The defendant was present and represented by counsel at arraignment, all motion hearings, jury selection, trial and sentencing. A review of the trial transcript reveals that the State proved every essential element of armed robbery beyond a reasonable doubt. The sentence of thirty-five years on each count to run concurrently is legal in all respects. Our independent review reveals no non-frivolous issues and a review of all transcripts contained in the appeal record reveals no trial court ruling which arguably supports the appeal. Accordingly, the defendant’s conviction and sentence are affirmed. Appellant counsel’s motion to withdraw is granted.
AFFIRMED.
MOTION TO WITHDRAW GRANTED.