ARMSTRONG, Judge.
The Defendant, James Washington, was charged by bill of information with a violation of LSA-R.S. 40:966, possession of marijuana with the intent to distribute. His first trial was declared a mistrial when the jury announced they were dead-locked. At a second trial he was found guilty as charged by a twelve member jury. Washington was sentenced to serve five years at hard labor. He now appeals, asking this court to review the record for errors patent.
At trial NOPD Officer Bruce Harrison of the Special Operations Division testified that on November 15, 1987, he and a partner were working in the 1300 block of Ferry Place[1] in an unmarked car and plain clothes as part of a narcotics surveillance. Around 9:00 P.M. the officer saw the defendant standing at 1312 Ferry Place. As a red Toyota Corolla approached, Washington began waiving his hand. The car stopped and the defendant looked into the passenger window, accepted currency from the passenger, walked behind the car to the side of the house at 1313 Ferry Place, took an object from a plastic bag, returned to the passenger in the Toyota, and handed over the object. The officer then left his vantage point and walked to his car, drove to 1312 Ferry Place and arrested James Washington. In the plastic bag under the porch at 1313 Ferry Place, there were 22 marijuana cigarettes.
NOPD Officer Steve Hartman testified that he was Officer Harrison’s partner on November 15,1987, when they arrested the defendant. Officer Hartman was acting as backup during the surveillance. He stayed behind Harrison and kept a look-out. However, Hartman said he saw the defendant approach the red Toyota and then walk behind the car. At the time of the arrest Officer Hartman recovered two one dollar bills from Washington’s pocket.
Miriam Burbank testified for the defense that she lived on Ferry Place in November of 1987. On the night in question she was on her front porch when the officers’ car came down the street, picked up the defendant and turned the corner. She said that Washington had not been flagging down cars or selling marijuana. Shirley Franklin testified that she lived at 1302 Ferry Place in November of 1987 and that the defendant and her brother, Herman, were standing on her porch talking that evening. She declared that she did not see Washington flag down cars or sell marijuana.
*1341 Counsel has filed a brief requesting only a review for errors patent. Counsel complied with the procedures outlined by Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), as interpreted by this Court in State v. Troy Benjamin, 573 So.2d 528 (La.App. 4th Cir.1990). Counsel’s detailed review of the procedural history of the case and the facts of the case indicate a thorough review of the record. Counsel has moved to withdraw because he believes, after a conscientious review of the record, that there are no non-frivolous issues to be raised on appeal. Counsel has reviewed all available transcripts and has found no trial court rulings which arguably support the appeal. A copy of the brief was forwarded to the appellant and this Court informed the defendant that he had the right to file a brief on his own behalf. He has not done so.
As per State v. Troy Benjamin, this Court has performed an independent, thorough review of all the pleadings filed in the district court, all minute entries of the district court proceedings, the bill of information and all transcripts contained in the appeal record. The defendant was properly charged by bill of information with a violation of LSA-R.S. 40:966 and the bill was signed by an assistant district attorney. The defendant was present and represented by counsel at arraignment, all motion hearings, jury selection, trial and sentencing. A review of the trial transcript reveals that the State proved every essential element of possession of marijuana with the intent to distribute beyond a reasonable doubt. The sentence of five years is legal in all respects. Our independent review reveals no non-frivolous issues and a review of all transcripts contained in the appeal record reveals no trial court ruling which arguably supports the appeal. Accordingly, the defendant’s conviction and sentence are affirmed. Appellant counsel’s motion to withdraw is granted.
AFFIRMED.

. Ferry Place is called Ferry Street occasionally. However, it is described as a one block street between Willow St. and Plum St.