WALTZER, Judge.
Walter Wyatt was charged by bill of information on October 15, 1991, with possession of cocaine, a violation of LSA-R.S. 40:967. At his arraignment on October 17, 1991, he pleaded not guilty. The trial court found probable cause at a hearing on March. 23, 1992, and a six-member jury found him guilty as charged on May 27, 1992. The defendant was sentenced as a second offender on June 26, 1992, to serve five years at hard labor under R.S. 15:529.1. He now appeals, asking this court to review the record for errors patent.
NOPD Officers Carl Tibodeaux and Andrew Thompson were driving a marked car in the 1800 block of Thayer Street in the Fischer housing project on September 19, 1991, about 5:52 p.m. when they saw two men standing in the breezeway. One of the men discarded a metal pipe when he noticed the police car. The officers stopped, retrieved the pipe which had a white residue in it, and arrested the man who dropped it.
Major Stewart, testifying for the defense, said that he was standing with Walter Waytt on the second floor of the breezeway when he was arrested. Stewart described the police coming into the court yard, ordering the men down to the first floor and frisking them for weapons. When the police asked if he had ever been to jail, Stewart admitted he had. When the defendant was asked the same question, he answered that he did not know. Stewart was released then, but the defendant was made to drop to his knees. Stewart never saw the defendant drop a pipe. Stewart acknowledged that he was in jail at the time of the trial.
Lisa Wyatt, the defendant’s sister, testified that she was present when the police arrested her brother. She saw her brother .come down the steps to the police men, saw them search him but did not see her brother drop a pipe. She said she did not see anyone kneel during the arrest.
Brian Lucas, Lisa Wyatt’s husband, was with his wife when Walter Wyatt was arrested. Lucas affirmed his wife’s testimo *266 ny; he saw the arrest but did not see the police pick up a pipe.
Counsel complied with the procedures outlined by Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), as interpreted by this Court in State v. Benjamin, 573 So.2d 528 (La.App. 4th Cir.1990). Counsel’s detailed review of the procedural history of the case and the facts of the case indicate a thorough review of the record. Counsel has moved to withdraw because he believes, after a conscientious review of the record, that there are no non-frivolous issues to be raised on appeal. Counsel has reviewed all available transcripts and has found no trial court rulings which arguably support the appeal. A copy of the brief was forwarded to the appellant, and this Court informed the defendant that he had the right to file a brief on his own behalf. He has not done so.
As per State v. Benjamin, this Court has performed an independent, thorough review of all the pleadings filed in the district court, all minute entries of the district court proceedings, the bill of information and all transcripts contained in the appeal record. The defendant was properly charged by bill of information with a violation of LSA-R.S. 40:967 and the bill was signed by an assistant district attorney. The defendant was present and represented by counsel at arraignment, all hearings, trial and sentencing. The State proved every element of possession of cocaine beyond a reasonable doubt. The sentence of five years at hard labor for a second offender under R.S. 15:529.1 is legal in all respects. Our independent review reveals no non-frivolous issues and a review of all transcripts contained in the appeal record reveals no trial court ruling which arguably supports the appeal. Accordingly, the defendant’s conviction and sentence are affirmed. Appellant counsel’s motion to withdraw is granted.
AFFIRMED.