WARD, Judge.
Clarence Dorsey a/k/a Clarence Jones was convicted of armed robbery, a violation of LSA-R.S. 14:64. He was sentenced to serve thirty-three years at hard labor as a second offender under R.S. 15:529.1. The defendant appeals his sentence and conviction, requesting that we review the record for errors patent. Finding none, we affirm.
Barbara Larsen, was robbed at gun point on October 15, 1985, about 3 P.M. while seated in her parked car in the 2200 block of Seventh Street. Larsen glanced out the open window and saw a man with a gun. He demanded her money, took her purse, and ran. Larsen walked to a corner store to call the police.
As Mrs. Larsen was seated in NOPD Officer Clarence Cornelius’ car describing the incident, she saw a white Monte Carlo with her assailant at the wheel go by. Cornelius followed the car; the driver noticed him after a few blocks, stopped by an alley and fled. The officer started down the *727 alley, saw papers on the ground and a gun on the seat of the Monte Carlo. Cornelius brought the papers back to the car; among them was a Louisiana driver’s license. Mrs. Larsen identified her assailant from the picture on the license; she pointed out that he had on the same shirt in the picture that he was wearing during the robbery. Some time later, during a photographic line-up Larsen picked the defendant as the man who robbed her.
Clarence Dorsey denied robbing Mrs. Larsen at gun point. He said that he had just gotten a cast off his leg, that he has six pins in his leg, and that he cannot run the way the victim and police officer described the robber running. Jones said that on October 15, 1985, he had gone to City Hall to get an identification card, had then driven to a friend’s house in the 2200 block of Fourth Street, and gone in to visit. He admitted to prior convictions for attempted armed robbery, possession of tal-win, battery, and pandering.
Counsel complied with the procedures outlined by Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), as interpreted by this Court in State v. Troy Benjamin, 573 So.2d 528 (La.App. 4th Cir.1990). Counsel’s detailed review of the procedural history of the case and the facts of the case indicate a thorough review of the record. Counsel has moved to withdraw because he believes, after a conscientious review of the record, that there are no non-frivolous issues to be raised on appeal. Counsel has reviewed all available transcripts and has found no trial court rulings which arguably support the appeal. A copy of the brief was forwarded to the appellant, and this Court informed the defendant that he had the right to file a brief on his own behalf. He has not done so.
As per State v. Benjamin, this Court has performed an independent, thorough review of all the pleadings filed in the district court, all minute entries of the district court proceedings, the bill of information and all transcripts contained in the appeal record. The defendant was properly charged by bill of information with a violation of LSA-R.S. 14:64 and the bill was signed by an assistant district attorney. The defendant was present and represented by counsel at arraignment, all hearings, trial and sentencing. The State proved every element of armed robbery beyond a reasonable doubt. The sentence of thirty-three years at hard labor as a second offender is legal in all respects.[1] Our independent review reveals no non-frivolous issues and a review of all transcripts contained in the appeal record reveals no trial court ruling which arguably supports the appeal. Accordingly, the defendant’s conviction and sentence are affirmed. Appellant counsel’s motion to withdraw is granted.
AFFIRMED.

. Dorsey was convicted in 1986 when R.S. 15:529.1 provided that second offenders be sentenced to not less than one-third the longest term for a first conviction.