11ARMSTRONG, Judge.
The defendant, Lloyd Bailey, was charged by bill of information on June 15, 1994, with distribution of cocaine, a violation of La.R.S. 40:967(B)(1). At his arraignment on June 20, 1994, he pleaded not guilty. The trial court found probable cause and denied the Motion to Suppress the Evidence on July 22, 1994. After trial on September 29, 1994, a twelve-member jury found him guilty as charged. He was sentenced on November 8, 1994, to serve fifteen years at hard labor as a second offender under La.R.S. 15:529.1. He now appeals, asking this court to review the record for errors patent.
Officer Robert Bardy of the NOPD Narcotics Division served as supervisor of operation “Rock-a-bye,” an effort to identify and arrest street-level drug dealers in New Orleans. As a result of that operation, the defendant was arrested in the 4200 block of Dale Street about 2:40 p.m. on May 23, 1994. Officer Bardy explained that Detective Cor-coran, the undercover officer, was driving a car with |2both audio and video systems which recorded the event. The video showed the defendant coming to the unmarked car window and giving Officer Dwayne Corcoran one rock of crack cocaine. Officer Bardy stated that he had photocopied the money used in the drug buy. When the defendant was arrested, he had a $20 bill with a serial number matching the photocopied money Officer Corcoran received from Officer Bardy.
Detective Howard Gay, a backup officer in the drug operation, testified that he was following Detective Corcoran as he entered Dale Street from Chef Menteur Highway. The detective saw the defendant approach the car and then he observed the men speaking; Gay watched the defendant walk to the house behind the Owl Food Mart and talk to a second man, return to the car, put his hand into the car, give Detective Corcoran an object, and receive currency in his right hand. Detective Gay saw Detective Corcoran drive away, but Gay stayed on the scene to make sure that the defendant did not leave. Shortly thereafter, Gay saw Detectives George Chenevert and Nelson Loumieux stop the defendant and arrest him.
Detective George Chenevert testified that from where he was positioned on May 23, 1994, he could see the defendant leaning into Corcoran’s car. Chenevert said that Sergeant Bardy told him via radio that the drug transaction was completed and that Chene-vert should arrest the defendant. The detective then stopped the defendant, placed him under arrest, and found a rock of crack cocaine in his left pocket and a $20 bill in his right pocket. When the rock sold to Detective Corcoran and the rock found on the defendant were tested, both proved to be cocaine.
| ^Detective Dwayne Corcoran testified that he was acting as an undercover agent in *1288 operation “Rock-a-bye” in May of 1994. As he drove down Dale Street, Corcoran noticed a man sitting in front of the Owl Food Mart; the man waved at him. After the detective slowed down, the man walked to his car and asked if he wanted “a twenty.” The detective indicated that he did, and the man gave him one piece of crack cocaine. Detective Corcoran gave him a $20 bill and drove away. The video tape of the event was played for the jury. Detective Corcoran identified the defendant as the man who sold him cocaine on May 23,1994.
The defendant, who was forty-four years old in 1994 and an admitted drug addict, described the events of May 23, 1994. He said he walked to the corner to the Owl Food Store with $8 in his pocket to buy crack cocaine for himself. Because he did not have enough money to buy a rock, he was told by the dealer to sell one rock and then he would be given a rock. The defendant explained that he already had a rock of “bunk” which he planned to sell so that he could keep the cocaine rock. When the undercover officer’s car stopped, the defendant sold him “bunk” for $20. Suddenly he was surrounded by policemen and arrested for distribution of crack cocaine.
Counsel has filed a brief requesting only a review for errors patent. Counsel complied with the procedures outlined by Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), as interpreted by this Court in State v. Benjamin, 573 So.2d 528 (La.App. 4th Cir.1990). Counsel’s detailed review of the procedural history of the case and the facts of the case indicate a thorough review of the record. Counsel has moved to withdraw because he believes, after a conscientious review of the record, that there are no non-frivolous issues to be raised on appeal. Counsel has reviewed all available transcripts and has found no trial court rulings |4which arguably support the appeal. A copy of the brief was forwarded to the defendant and this Court informed him that he had the right to file a brief on his own behalf. He has not done so.
As per State v. Benjamin, this Court has performed an independent, thorough review of all the pleadings filed in the district court, all minute entries of the district court proceedings, the bill of information and all transcripts contained in the appeal record. The defendant was properly charged by bill of information with a violation of La.R.S. 40:967(B), and the bill was signed by an assistant district attorney. The defendant was present and represented by counsel at arraignment, all motion hearings, jury selection, trial and sentencing. A review of the trial transcript reveals that the State proved every essential element of distribution of cocaine beyond a reasonable doubt. The sentence of fifteen years at hard labor as a second offender under La.R.S. 15:529.1 is legal in all respects. Our independent review reveals no non-frivolous issues and a review of all transcripts contained in the appeal record reveals no trial court ruling which arguably supports the appeal. Accordingly, the defendant’s conviction and sentence are affirmed. Appellate counsel’s motion to withdraw is granted.
AFFIRMED.