liPLOTKIN, Judge.
On February 23, 1989, Scott Reynold was charged by grand jury indictment with aggravated rape in violation of La.R.S. 14:42. On March 1, 1989, he pleaded not guilty. After trial before a twelve-member jury on November 30, 1989, he was found guilty as charged. On December 6, 1989, he was sentenced to life imprisonment at hard labor without benefit of probation, parole, or suspension of sentence.
Defense counsel appealed seeking a review of the record for errors patent in accordance with the procedures outlined in Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), as interpreted by this Court in State v. Benjamin, 573 So.2d 528 (La.App. 4th Cir.1990), and moved to withdraw. Reynold was advised by this Court of his right to file a brief but did not do so. His conviction and sentence were affirmed and counsel’s motion to withdraw was granted in anjjunpublished opinion, State v. Scott Reynold, 90-KA-1443, 583 So.2d 1257 (La.App. 4th Cir. 7/16/91).
Reynold subsequently filed a motion in the trial court requesting documents in support of his claim that he was denied effective assistance of counsel on appeal. The trial court responded by reinstating the appeal and appointed new counsel. Appellate counsel again seeks a review of the record for errors patent. In his brief to this Court, Reynolds contends pro se that both trial and appellate counsel were ineffective. Specifically, he asserts (1) that trial counsel’s performance was deficient because counsel failed to attack the credibility of the victim and (2) that appellate counsel’s performance was deficient because counsel failed to raise the *6 deficient trial performance as an assignment of error.
Generally, the issue of effective assistance of counsel is a matter more properly addressed by an application for post conviction relief, filed initially in the trial court where a full evidentiary hearing can be conducted. See, e.g., State v. Johnson, 557 So.2d 1030, 1033 (La.App. 4th Cir.1990). Where the record discloses evidence needed to decide the issue of ineffective assistance of counsel and that issue was raised by assignment of error on appeal, however, in the interest of judicial economy the issue will be considered. See, e.g., State v. Seiss, 428 So.2d 444, 449 (La.1983).
Reynolds contends that his defense counsel should have attacked the victim’s credibility at trial using a number of facts which are not contained in the record. Therefore, this Court is unable to decide the issue of ineffective assistance of counsel at this time. Moreover, the trial court is without authority to “reinstate” a completed appeal. Accordingly, the trial court’s order reinstating the appeal is vacated and the appeal is dismissed. The trial court is ordered to respond to Reynold’s request for documents within sixty days of this order and to provide this 1 {¡Court with proof of compliance. Counsel’s motion to withdraw is denied; counsel is ordered to assist Reynold in pursuing an application for post conviction relief.

DISMISSED WITH ORDER; MOTION TO WITHDRAW DENIED.