JJPER CURIAM.
Defendant’s counsel seeks to withdraw from this case as counsel of record pursuant to the procedures outlined in Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), as interpreted by State v. Benjamin, 573 So.2d 528 (La.App. 4 Cir.1990). For the following reasons, we deny defense counsel’s motion to withdraw and instruct him to brief the nonfrivolous issues as discussed herein.
Counsel has moved to withdraw, suggesting there are no nonfrivolous issues to be raised on appeal. In his brief, counsel states that he has complied with the procedures outlined in Anders, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493, as interpreted by Benjamin, 573 So.2d 528. This court forwarded a copy of counsel’s brief to the defendant on August 5, 1996. The defendant replied on August 20, 1996, that he would file a supplemental brief, but as of this date, the defendant has not done so.
I2AS per Benjamin, 573 So.2d 528, we have performed an independent, thorough review of all the pleadings filed in the district court that are contained in the record, all minute entries of the district court proceedings, the bill of information, and the pertinent transcripts contained in the appellate record. The defendant was properly charged by bill of indictment for second degree murder, a violation of La.R.S. 14:30.1. Defendant was present at each stage of the proceeding, from his right to counsel hearing on May 9, 1990, through trial in April of 1996, and was represented by counsel at each stage of the proceedings. The defendant was found mentally competent to proceed to trial. Defendant was sentenced to life imprisonment without benefit of probation, parole, or suspension of sentence. Defendant’s sentence is not unconstitutionally excessive.
On review, we note the record contains neither the motion to suppress filed by the defendant nor the transcript of the suppression hearing. Without a complete record, compliance by appellate counsel with the procedures' outlined in Anders, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493, as interpreted by Benjamin, 573 So.2d 528, is impossible.
The following three matters present grounds which arguably support assignments of error on appeal: 1) the admission of the hearsay testimony of what Sadie Verdin said to Mr. Eves Fontenot and Deputy Albert Lewis; 2) dilatory disclosure of the letters the defendant wrote to Jackie Savoy and, 3) the denial of the motion to suppress.
Accordingly, by separate order this date, we remand this ease to the trial court for supplementation of the record, we are denying counsel’s motion to withdraw and order further briefing.
REMANDED.
11 ORDER
After consideration of the Motion to Withdraw as Counsel filed by counsel for the defendant, Allen Dwayne Burmaster, and the appeal presently pending in the above captioned matter,
IT IS HEREBY ORDERED this case be remanded to the trial court and the district court clerk’s office shall prepare and file a *14 supplemental record containing the motion to suppress filed by defense counsel and the transcript of the hearing held on the motion to suppress with the clerk’s office of this court within thirty (30) days. Additionally, we order appellate counsel to file a new appellate brief within fifty-five (55) days of this order addressing the issues of the denial of the motion to suppress, the admission of the hearsay testimony of what Sadie Verdin said after the shooting, the dilatory disclosure of the letters the defendant wrote to Jackie Savoy and any other issues counsel chooses to raise. Appellee’s brief shall be filed no later than seventy-five (75) days from rendition of this opinion.