DREW, J.
11 Defendant, Janet Summage, pled guilty to possession of Schedule II CDS and was *313 sentenced to four years at hard labor. Defendant’s appellate counsel filed a motion to withdraw as counsel of record, together with a Benjamin[1] brief in support of the motion. The state did not file an appellate brief in this matter. On August 10, 2006, this court notified the appellant that she could file a brief in this appeal within 30 days of its order. The 30-day period has long since lapsed, and the defendant has not requested the record and has not filed any brief. The motion to withdraw is granted, and the defendant’s conviction and sentence are affirmed.
The defendant was originally charged by bill of information on September 29, 2005, with one count of possession of a Schedule II CDS, cocaine, in violation of the provisions of La. R.S. 40:967(C).' On May 2, 2006, the defendant withdrew her plea of not guilty and pled guilty as charged. A pre-sentence investigation report was ordered, and the state agreed not'to file a habitual offender bill. The trial court thoroughly advised the defendant of her rights as per Boykin, and made a thorough inquiry as to her competency, literacy, and understanding.
At the sentencing, proceeding held May 2, 2006, the trial court discussed the defendant’s pre-sentence investigation, which detailed the defendant’s adult criminal record and revealed that the defendant has a prior felony drug possession conviction, for which crime she was placed on supervised probation, which was later revoked.
|2The court allowed the defendant to speak at the sentencing proceeding. She indicated that since her release in February, she has been employed and “clean” from drug use. The defendant also stated that she was taking anger management classes. The court noted that the defendant had made “a good start.” After reviewing the pre-sentence investigation report, the trial court sentenced the defendant to imprisonment at hard labor for a term of four years, one year less than the maximum. She was advised of her right to post-conviction relief, including the applicable time limitations.
This court has reviewed the appellate record and finds no errors patent.
Although the defendant received a sentence near the maximum for this crime, she. derived great benefit from the plea bargain agreement whereby the state agreed not to charge her as a habitual offender.
The motion to withdraw is granted, and the defendant’s conviction and sentence are affirmed.
AFFIRMED.

. State v. Benjamin, 573 So.2d 528 (La.App. 4th Cir. 1990).