NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

06-1173

STATE OF LOUISIANA

VERSUS

DARRYL A. HOLMES

\*\*\*\*\*\*\*\*\*\*
APPEAL FROM THE
TWELFTH JUDICIAL DISTRICT COURT
PARISH OF AVOYELLES, NO. 130157
HONORABLE WILLIAM BENNETT, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*
ULYSSES GENE THIBODEAUX
CHIEF JUDGE
\*\*\*\*\*\*\*\*\*\*

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Oswald A. Decuir, and Michael G. Sullivan, Judges.

AFFIRMED.    MOTION TO WITHDRAW GRANTED.

Michael Francis Kelly
Assistant District Attorney
P. O. Box 528
Marksville, LA 71351
Telephone:  (318) 253-5815
COUNSEL FOR:
        Plaintiff/Appellee - State of Louisiana

Charles A. Riddle, III
District Attorney - 12th Judicial District Court
P. O. Box 1200
Marksville, LA 71351
Telephone:  (318) 253-6587
COUNSEL FOR:
        Plaintiff/Appellee - State of Louisiana

**Mark Owen Foster**
**Louisiana Appellate Project**
**P. O. Box 2057**
**Natchitoches, LA 71457-2057**
**Telephone: (318) 572-5693**
**COUNSEL FOR:**
 **Defendant/Appellant - Darryl A. Holmes**

**Darryl A. Holmes**
**Louisiana State Penitentiary**
**Camp D Hawk 3-L-5**
**Angola, LA 70712**

**THIBODEAUX, Chief Judge.**

The Defendant, Darryl A. Holmes, appeals his conviction for second degree murder, a violation of La.R.S. 14:30.1, following a bench trial. The trial court sentenced him to life imprisonment at hard labor without benefit of parole, probation, or suspension of sentence.

On appeal, counsel seeks to withdraw, pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396 (1967). The Defendant filed a pro se brief in which he alleges trial counsel was ineffective.

We affirm and grant counsel's motion to withdraw.

## FACTS

At approximately 10:00 p.m. on the night of July 6, 2005, the victim, Brandon Chapman, and his friends, Shandra Young, Jessica Hills, Anthony Jones, and Anthony's brother, Kevin, went to a store and were on their way back to the home of Brandon's girlfriend, Tonya Hills. After parking the car at Tonya's mother's house, which is only one house away from Tonya's, the group was walking down the street when they saw the Defendant and Arthur Robinson. The Defendant walked up and told Chapman he had heard Chapman was looking for him. Chapman put up his fists to fight and the Defendant pulled out a gun and shot Chapman in the chest at close range. Dr. Joel Carney, accepted by the court as an expert forensic pathologist, testified that the distance from the victim's skin surface to the muzzle of the weapon was approximately one-quarter to one-half inch.

After the Defendant shot Chapman, one witness heard the Defendant say, "yea, n_ _ _ _ _, I don't hear you talking now, hear you talking now. Yea, what's that you were saying, yea, what's that you were saying." According to one witness, the

Defendant walked in the middle of the street "like nothing ever happened with the gun still in his hand."

The Defendant's girlfriend, Tomica Mason, testified that after 10:00 p.m. on the night the victim was shot, the Defendant came to her house and told her to hurry and put some clothes on. The two of them went to the Defendant's grandfather's house in Lettsworth. On the way, they saw multiple police cars and an ambulance. The Defendant told Ms. Mason he had "shot the n_ _ _ _ _." While in Lettsworth, the Defendant told Ms. Mason he shot the victim because "they was trying to handle him."

The Defendant testified he was told that "Brandon and two of his partners they were looking for [him] and stuff like that." According to the Defendant, he went down the street to see why they were looking for him, and when he saw Chapman (and two guys with him) he asked, "what you want with me[?]" The Defendant testified Chapman put up his fists and the Defendant did not know what was going to happen, considering Chapman had two guys with him and the Defendant was by himself. The Defendant pulled the gun out to get Chapman and the guys to back up, and the gun "just went off." After accidentally shooting the victim, the Defendant dropped the gun and ran. A forty caliber shell casing was found at the scene, but the weapon was not recovered.

### *ANDERS* MOTION

Pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396 (1967), Defendant's appellate counsel has filed a brief stating he could find no errors on appeal that would support reversal of Defendant's conviction. Thus, counsel seeks to withdraw. In *State v. Benjamin*, 573 So.2d 528 (La.App. 4 Cir. 1990), the fourth circuit explained the *Anders* analysis:

2

When appointed counsel has filed a brief indicating that no non-frivolous issues and no ruling arguably supporting an appeal were found after a conscientious review of the record, *Anders* requires that counsel move to withdraw. This motion will not be acted on until this court performs a thorough independent review of the record after providing the appellant an opportunity to file a brief in his or her own behalf. This court's review of the record will consist of (1) a review of the bill of information or indictment to insure the defendant was properly charged; (2) a review of all minute entries to insure the defendant was present at all crucial stages of the proceedings, the jury composition and verdict were correct and the sentence is legal; (3) a review of all pleadings in the record; (4) a review of the jury sheets; and (5) a review of all transcripts to determine if any ruling provides an arguable basis for appeal. Under C.Cr.P. art. 914.1(D) this Court will order that the appeal record be supplemented with pleadings, minute entries and transcripts when the record filed in this Court is not sufficient to perform this review.

*Id.* at 531.

Pursuant to *Anders* and *Benjamin*, this court has performed a thorough review of the record, including pleadings, minute entries, the charging instrument and the transcripts. The bill of information is in proper form; the Defendant and his trial counsel were present at all critical stages of the proceedings. The Defendant knowingly and intelligently waived his right to a jury trial and elected to be tried by a judge alone. The sentence imposed on the Defendant, a mandatory sentence of life imprisonment without the benefit of parole, probation, or suspension of sentence, is legal.

In his brief, appellate counsel observes the trial court resolved its credibility determination in favor of the State in finding the shooting was not accidental and that appellate courts will not disturb a fact finder's credibility determination. Counsel is correct that, "It is the role of the fact finder to weigh the respective credibility of the witnesses, and therefore, the appellate court should not second guess the credibility determinations of the triers of fact beyond the sufficiency

evaluations under the *Jackson* standard of review. *See State ex rel. Graffagnino*, 436 So.2d 559 (*citing State v. Richardson*, 425 So.2d 1228 (La.1983)).” *State v. Kennerson*, 96-1518, p. 5 (La.App. 3 Cir. 5/7/97), 695 So.2d 1367, 1371.

Further, counsel points out that none of the denials of trial counsel's objections supported reversal of the Defendant's conviction in light of his admission that he shot the victim. We find the Defendant's admission that he shot the victim, the physical evidence indicating the gun was fired at an extremely close range, and the jurisprudence that states, “[t]he discharge of a firearm at close range and aimed at a person is indicative of a specific intent to kill or inflict great bodily harm upon that person,” support counsel's observation. *See State v. Jones*, 40,652, p. 4 (La.App. 2 Cir. 1/25/06), 920 So.2d 941, 944.

Thus, we find there are no issues which would arguably support an appeal. Having reviewed counsel's brief, we will proceed to Defendant's pro se assignment of error.

### PRO SE ASSIGNMENT OF ERROR

The Defendant contends his counsel was ineffective in two respects. First, the Defendant claims counsel failed to conduct any investigation and file pretrial motions. The Defendant alleges his attorney failed to contact him about his case and to obtain the names of witnesses that could assist him in his defense. Second, the Defendant claims counsel failed to prepare an adequate defense of justifiable homicide. He contends counsel could have filed a motion to obtain character evidence concerning the victim, whom he claims became aggressive, forcing the Defendant to act in self-defense. He claims the foregoing errors resulted from counsel's failure to devote the necessary time to his case, due to her busy schedule.

4

A criminal defendant is guaranteed the effective assistance of counsel. United States Sixth Amendment; La.Const. art. I, § 13; *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *State v. Washington*, 491 So.2d 1337 (La.1986). To establish a claim of ineffective assistance, a defendant must show that counsel's performance fell below an objective standard of reasonableness under prevailing professional norms; and, that counsel's professional errors resulted in prejudice to the extent that it undermined the functioning of the adversarial process and rendered the verdict suspect. *Strickland v. Washington, supra, Lockhart v. Fretwell*, 506 U.S. 364, 113 S.Ct. 838, 122 L.Ed.2d 180 (1993). This does not mean "errorless counsel [or] counsel judged ineffective by hindsight, but counsel reasonably likely to render effective assistance." *State v. Ratcliff,* 416 So.2d 528, 531 (La.1982).

A claim of ineffectiveness is generally relegated to post-conviction, unless the record permits definitive resolution on appeal. *E.g., State v. Prudholm,* 446 So.2d 729 (La.1984). However, when the record is sufficient for review, this Court will reach the merits of complaints about counsel's performance and grant relief when appropriate. *E.g., State v. Hamilton*, 92-2639 (La. 7/1/97), 699 So.2d 29, 32-35.

*State v. Bright*, 98-398, pp. 40-41 (La. 4/11/00), 776 So.2d 1134, 1157.

These claims are not reviewable on the record currently before this court and are thus relegated to post-conviction relief.

## CONCLUSION

The defendant's conviction and sentence are affirmed. Counsel's motion to withdraw is granted.

**AFFIRMED. MOTION TO WITHDRAW GRANTED.**

THIS OPINION IS NOT DESIGNATED FOR PUBLICATION. Rule 2-16.3, Uniform Rules—Courts of Appeal.

06-1173

COURT OF APPEAL, THIRD CIRCUIT

STATE OF LOUISIANA


STATE OF LOUISIANA

        Plaintiff-Appellee

VERSUS

DARRYL A. HOLMES

        Defendant-Appellant


On Appeal from the Twelfth Judicial District Court, Parish of Avoyelles, State of Louisiana, Honorable William Bennett, District Judge.


**O R D E R**

        After consideration of Defense counsel's request to withdraw as counsel and the appeal presently pending in the above-captioned matter,

        IT IS HEREBY ORDERED that appellate counsel's motion to withdraw is granted.

        THUS DONE AND SIGNED this _____ day of _____, 2007.


                                COURT OF APPEAL, THIRD CIRCUIT


                                _____
                                Chief Judge Ulysses Gene Thibodeaux


                                _____
                                Judge Oswald A. Decuir


                                _____
                                Judge Michael G. Sullivan