NOT DESIGNATED FOR PUBLICATION

## STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

### 11-394

**STATE OF LOUISIANA**

**VERSUS**

**JOHN DEVASCO COLLINS**

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
THIRTEENTH JUDICIAL DISTRICT COURT
PARISH OF EVANGELINE, NO. 75371-F
HONORABLE JOHN LARRY VIDRINE, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

**ULYSSES GENE THIBODEAUX**
**CHIEF JUDGE**

\*\*\*\*\*\*\*\*\*\*

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Billy Howard Ezell, and J. David Painter, Judges.

> **CONVICTION AFFIRMED. SENTENCE AFFIRMED WITH INSTRUCTIONS. MOTION TO WITHDRAW GRANTED.**

**Annette Fuller Roach**
**Louisiana Appellate Project**
**P. O. Box 1747**
**Lake Charles, LA 70602-1747**
**Telephone: (337) 436-2900**
**COUNSEL FOR:**
   **Defendant/Appellant - John Devasco Collins**

**Trent Brignac**
**District Attorney – Thirteenth Judicial District Court**
**Julhelene E. Jackson**
**Assistant District Attorney – Thirteenth Judicial District Court**
**P. O. Box 780**
**Ville Platte, LA 70586**
**Telephone: (337) 363-3438**
**COUNSEL FOR:**
   **Plaintiff/Appellee - State of Louisiana**

John Devasco Collins
Avoyelles Correctional Center
1630 Prison Road
Cottonport, LA 71327

**THIBODEAUX, Chief Judge.**

Defendant, John Devasco Collins, was charged by grand jury indictment with aggravated rape, a violation of La.R.S. 14:42. On August 5, 2009, Defendant entered a plea of "not guilty and not guilty by reason of insanity." The trial court appointed a sanity commission. A sanity hearing was held, and Defendant was found competent to stand trial.

A jury found Defendant guilty of the responsive verdict of forcible rape. Thereafter, the trial court ordered Defendant to serve thirty years at hard labor. The court denied Defendant's motion to reconsider the sentence.

Defense counsel has filed a motion to withdraw and a brief alleging that after a conscientious review of the trial court record, he has found no non-frivolous errors subject to review on appeal, citing *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396 (1967), and *State v. Benjamin*, 573 So.2d 528 (La.App. 4 Cir. 1990). Defendant has not filed a pro se brief.

## FACTS

On January 8, 2008, the Defendant raped V.T.D.[1]

## *ANDERS* ANYLASIS

In *State v. Benjamin*, 573 So.2d 528 (La.App. 4 Cir. 1990), the fourth circuit set forth the appropriate procedures for an appellate court to analyze an *Anders* case:

> When appointed counsel has filed a brief indicating that no non-frivolous issues and no ruling arguably supporting an appeal were found after a conscientious review of the record, *Anders* requires that counsel move to withdraw. This motion will not be acted on until this court performs a thorough independent review of the record after providing the appellant an opportunity to file a brief in his or her own behalf. This

---

[1] Initials of the victim were used in compliance with La.R.S. 46:1844.

court's review of the record will consist of (1) a review of the bill of information or indictment to insure the defendant was properly charged; (2) a review of all minute entries to insure the defendant was present at all crucial stages of the proceedings, the jury composition and verdict were correct and the sentence is legal; (3) a review of all pleadings in the record; (4) a review of the jury sheets; and (5) a review of all transcripts to determine if any ruling provides an arguable basis for appeal. . . .

*Id.* at 531.

We have performed an independent, thorough review of the record, including pleadings, minute entries, the bill of indictment and the transcripts. Defendant was properly charged by a signed grand jury indictment and was present and represented by counsel at all crucial stages of the proceedings. After a trial by jury of twelve, he was convicted of a responsive verdict. The sentence imposed was legal. There are no rulings which arguably support an appeal. Thus, we affirm Defendant's conviction and sentence and grant counsel's motion to withdraw.

## ERROR PATENT

The trial court failed to properly advise Defendant of the prescriptive period for filing post-conviction relief. La.Code Crim.P. art. 930.8. The transcript of sentencing indicates the trial court informed Defendant "by virtue of Louisiana Code of Criminal Procedure Article 930.8 there is a two year prescriptive period for you to apply for post conviction relief. . . ." Louisiana Code of Criminal Procedure Article 930.8 provides the defendant has two years *after the conviction and sentence become final* to seek post-conviction relief. Therefore, the trial court is instructed to inform Defendant of the correct provisions of La.Code Crim.P. art. 930.8 by sending appropriate written notice to Defendant within ten days of the

2

rendition of this opinion and to file written proof in the record that Defendant received the notice.

**CONVICTION AFFIRMED. SENTENCE AFFIRMED WITH INSTRUCTIONS. MOTION TO WITHDRAW GRANTED.**

THIS OPINION IS NOT DESIGNATED FOR PUBLICATION. RULE 2-16.3, UNIFORM RULES—COURTS OF APPEAL.

11-394

COURT OF APPEAL, THIRD CIRCUIT

STATE OF LOUISIANA


STATE OF LOUISIANA

     Plaintiff-Appellee

VERSUS

JOHN DEVASCO COLLINS

     Defendant-Appellant


On Appeal from the Thirteenth Judicial District Court, Docket Number 75371-F, Parish of Evangeline, State of Louisiana, Honorable John Larry Vidrine, Judge.


# **O R D E R**

     After consideration of appellate counsel's request to withdraw as counsel and the appeal presently pending in the above-captioned matter;

     IT IS HEREBY ORDERED that appellate counsel's motion to withdraw is granted.

     THUS DONE AND SIGNED this _____ day of _____, 2011.


               COURT OF APPEAL, THIRD CIRCUIT


               _____
               Judge Ulysses Gene Thibodeaux, Chief Judge


               _____
               Judge Billy H. Ezell


               _____
               Judge J. David Painter