NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

12-722

STATE OF LOUISIANA

VERSUS

DEVIN STUART DAVIS

**********

APPEAL FROM THE
THIRTY-FIRST JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON DAVIS, NO. CR502-07
HONORABLE CRAIG STEVE GUNNELL, DISTRICT JUDGE

**********

JOHN D. SAUNDERS
JUDGE

**********

Court composed of John D. Saunders, Phyllis M. Keaty, and John E. Conery, Judges.

CONVICTION AND SENTENCE AFFIRMED;  MOTION TO WITHDRAW
GRANTED.

**Edward John Marquet**
**Attorney at Law**
**Post Office Box 53733**
**Lafayette, LA 70505-3733**
**(337) 237-6841**
**COUNSEL FOR DEFENDANT APPELLANT:**
      **Devin Stuart Davis**

**Michael Cade Cassidy**
**District Attorney - 31st JDC**
**Post Office Box 1388**
**Jennings, LA 70546**
**(337) 824-1893**
**COUNSEL FOR PLAINTIFF APPELLEE:**
      **State of Louisiana**

12-722

COURT OF APPEAL, THIRD CIRCUIT

STATE OF LOUISIANA

STATE OF LOUISIANA

    Appellee

VERSUS

DEVIN STUART DAVIS

    Defendant-Appellant

On Appeal from the Thirty-First Judicial District Court, Docket Number CR-502-07, Parish of Jefferson Davis, State of Louisiana, Honorable Steve Gunnell, Judge.

## **O R D E R**

After consideration of appellate counsel's request to withdraw as counsel and the appeal presently pending in the above-captioned matter;

IT IS HEREBY ORDERED that appellate counsel's motion to withdraw is granted.

THUS DONE AND SIGNED this _____ day of _____, 2012.

COURT OF APPEAL, THIRD CIRCUIT

_____
Judge John D. Saunders

_____
Judge Phyllis M. Keaty

_____
Judge John E. Conery

**SAUNDERS, Judge.**

The Defendant, Devin Stuart Davis, was charged by bill of information with aggravated assault with a firearm, in violation of La.R.S. 14:37.4. On April 3, 2007, pursuant to a plea agreement, the Defendant pled guilty to the charge in exchange for the State's recommendation of a deferred sentence pursuant to La.Code Crim.P. art. 893 and three years supervised probation with the following special conditions: 1. serve fourteen months in the parish jail with credit for time served; 2. forfeit handgun seized at the time of his arrest; 3. pay a $1,000 fine and court costs within the first two years of his probation; 4. complete an anger management course; 5. pay a $50 per month probationary fee; 6. abstain from possessing a firearm during probation term. Additionally, the State agreed to dismiss a charge pending in an unrelated docket.

On May 3, 2011, the Defendant's probation and parole officer filed a motion and order for a hearing to revoke probation due to continued criminal activity. The petition alleged that in Miami, Florida, the Defendant had been arrested on three occasions and charged with a variety of offenses, including felonies. On March 21, he was convicted of battery of a transit system agent and armed robbery with a deadly weapon and sentenced to serve one year and one day in the Florida Department of Corrections. The Defendant's probation was revoked following a hearing on July 11, 2011, and he was sentenced on November 28, 2011, to serve three years at hard labor, with credit for all time previously served. The Defendant's timely filed motion to reconsider sentence was denied following a hearing on June 11, 2012.

Appellate counsel has filed an *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396 (1967) brief in this matter. We find there are no non-frivolous issues in this

matter. Accordingly, the Defendant's conviction and sentence are affirmed, and counsel's motion to withdraw is granted.

**FACTS:**

On August 25, 2006, an argument ensued between the Defendant and Jonathan Simms. The Defendant fired a shot towards Sims as he was attempting to leave the scene.

**ERRORS PATENT:**

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed by the court errors patent on the face of the record. After reviewing the record, we find that there are no errors patent.

***ANDERS* ANALYSIS:**

Pursuant to *Anders*, 386 U.S. 738, the Defendant's appellate counsel has filed a brief stating that after a review of all matters filed in the record, court proceedings, and the transcripts, he could find no non-frivolous issues that could be advanced on appeal. Accordingly, appellate counsel seeks to withdraw.

In *State v. Benjamin*, 573 So.2d 528 (La.App. 4 Cir. 1990), the fourth circuit explained the *Anders* analysis:

> When appointed counsel has filed a brief indicating that no non-frivolous issues and no ruling arguably supporting an appeal were found after a conscientious review of the record, *Anders* requires that counsel move to withdraw. This motion will not be acted on until this court performs a thorough independent review of the record after providing the appellant an opportunity to file a brief in his or her own behalf. This court's review of the record will consist of (1) a review of the bill of information or indictment to insure the defendant was properly charged; (2) a review of all minute entries to insure the defendant was present at all crucial stages of the proceedings, the jury composition and verdict were correct and the sentence is legal; (3) a review of all pleadings in the record; (4) a review of the jury sheets; and (5) a review of all transcripts to determine if any ruling provides an arguable basis for appeal. Under C.Cr.P. art. 914.1(D) this Court will order that the appeal record be supplemented with pleadings, minute entries and transcripts when the record filed in this Court is not sufficient to perform this review.

2

*Id.* at 531.

Pursuant to *Anders* and *Benjamin*, we have performed an independent, thorough review of the record, including pleadings, minute entries, the bill of information, and the transcripts. The Defendant was properly charged by a bill of information and was present and represented by counsel at all crucial stages of the proceedings. The Defendant pled guilty as charged to aggravated assault with a firearm which, at the time of the commission of the offense, carried a maximum possible sentence of five years, with or without hard labor or a fine of not more than $5,000, or both. See La.R.S. 14.37.4. As such, the Defendant's three-year sentence was legal and just over half of the maximum possible sentence. He was also spared a significant fine.

**DECREE:**

We find there are no rulings which arguably support an appeal. Thus, Defendant's conviction and sentence are affirmed and counsel's motion to withdraw is granted.

**CONVICTION AND SENTENCE AFFIRMED. MOTION TO WITHDRAW GRANTED.**