# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 04-793

**STATE OF LOUISIANA**

**VERSUS**

**MICHAEL D. WEST**

************

APPEAL FROM THE
THIRTIETH JUDICIAL DISTRICT COURT,
PARISH OF VERNON, NO. 65,370,
HONORABLE LESTER P. KEES, DISTRICT JUDGE

************

## MICHAEL G. SULLIVAN
## JUDGE

************

Court composed of Jimmie C. Peters, Michael G. Sullivan, and John B. Scofield,[*] Judges.

**CONVICTIONS AFFIRMED; SENTENCES AFFIRMED AS AMENDED; AND REMANDED WITH INSTRUCTIONS. MOTION TO WITHDRAW GRANTED.**

**William E. Tilley**
**District Attorney**
**Post Office Box 1188**
**Leesville, Louisiana  71496-1188**
**(337) 239-2008**
**Counsel for:**
        **State of Louisiana**

---

[*]John B. Scofield participated in this decision by appointment of the Louisiana Supreme Court as Judge *Pro Tempore.*

**Edward K. Bauman**
**Louisiana Appellate Project**
**Post Office Box 1641**
**Lake Charles, Louisiana  70602-1641**
**(337) 491-0570**
**Counsel for Defendant/Appellant:**
  **Michael D. West**

SULLIVAN, Judge.

Defendant, Michael D. West, was charged by bill of information with two counts of attempted second degree murder, one count of aggravated battery, and four counts of aggravated assault with a firearm. On April 8, 2004, he pled guilty to the reduced charges of aggravated battery and second degree battery. As part of a plea agreement, the State agreed to dismiss the remaining charges and agreed not to initiate habitual offender proceedings. On May 5, 2004, Defendant was sentenced to eight years at hard labor for aggravated battery and five years at hard labor for second degree battery, with two years of the five-year sentence to run consecutively to the eight-year sentence. Defendant was ordered to pay restitution in the amount of $102,512.97 to Brandon Walker and $1,500.00 to Kevin Veneralla at the rate of $200.00 a month.

**Facts**

The factual basis provided by the State for the two offenses to which Defendant pled indicates that on October 4, 2003, Defendant entered a hunting camp near the Pitkin/Cravens community, where he shot one victim and hit another victim in the head with the butt of the shotgun.

**Errors Patent**

In accordance with La.Code Crim.P. art. 920, this court reviews all appeals for errors patent on the face of the record. Our review of the record reveals one error patent.

As part of his sentences, Defendant was ordered to pay restitution to Brandon Walker in the amount of $102,512.97 and to Kevin Veneralla in the amount of $1,500.00 "at the sum of $200.00 a month." We find the portion of the sentence setting monthly payments in the amount of $200.00 per month to be illegal. Added

by 1999 La.Acts No. 783, effective January 1, 2000, La.Code Crim.P. art. 883.2 provides:

> In all cases in which the court finds an actual pecuniary loss to a victim, or in any case where the court finds that costs have been incurred by the victim in connection with a criminal prosecution, the trial court shall order the defendant to provide restitution to the victim as a part of any sentence that the court shall impose.

Although monthly installments are permitted *when restitution is imposed as a condition of probation* pursuant to La.Code Crim.P. art. 895.1(A)(1), we are not aware of any authority allowing for monthly installment payments of restitution imposed pursuant to Article 883.2. Further, we note that Act 783 also amended La.Code Crim.P. art. 886 to provide for the collection of restitution to the victim by civil process. Thus, we vacate that portion of the sentence requiring monthly payments of $200.00 as illegal. The trial court is instructed to amend the commitment entry and the sentencing minutes to reflect this change.

### Motion to Withdraw

Defense counsel has filed a motion to withdraw as counsel of record, alleging that he can find no errors on appeal that would support reversal of Defendant's conviction.

In *State v. Benjamin*, 573 So.2d 528, 531 (La.App. 4 Cir. 1990), the fourth circuit set forth the appropriate procedures for an appellate court to analyze a brief filed pursuant to *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396 (1967):

> When appointed counsel has filed a brief indicating that no non-frivolous issues and no ruling arguably supporting an appeal were found after a conscientious review of the record, *Anders* requires that counsel move to withdraw. This motion will not be acted on until this court performs a thorough independent review of the record after providing the appellant an opportunity to file a brief in his or her own behalf. This court's review of the record will consist of (1) a review of the bill of information or indictment to insure the defendant was properly charged;

2

(2) a review of all minute entries to insure the defendant was present at all crucial stages of the proceedings, the jury composition and verdict were correct and the sentence is legal; (3) a review of all pleadings in the record; (4) a review of the jury sheets; and (5) a review of all transcripts to determine if any ruling provides an arguable basis for appeal.

This court has performed an independent review of the record, finding that Defendant was properly charged by a signed bill of information, was present and represented by counsel at all crucial stages of the proceedings, and entered a free and voluntary guilty plea after being properly advised of his rights in accordance with *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709 (1969). Additionally, Defendant received legal sentences, other than the monthly payment for restitution discussed above. After reviewing the record, we find no issues that would arguably support an assignment of error on appeal.

## Decree

Defendant's convictions are affirmed. That portion of Defendant's sentences requiring monthly payments of $200.00 in restitution is vacated, and the case is remanded with instructions that the trial court amend the commitment entry and sentencing minutes to reflect this change. Defendant's sentences are affirmed, as amended. Counsel's motion to withdraw is granted.

**CONVICTIONS AFFIRMED; SENTENCES AFFIRMED AS AMENDED; AND REMANDED WITH INSTRUCTIONS.**

**MOTION TO WITHDRAW GRANTED**.

3

KA04-793

# COURT OF APPEAL, THIRD CIRCUIT

# STATE OF LOUISIANA

**STATE OF LOUISIANA**

**VERSUS**

**MICHAEL D. WEST**

On Appeal from the Thirtieth Judicial District Court, Parish of Vernon, State of Louisiana, Honorable Lester P. Kees, Judge.

# **O R D E R**

After consideration of defense counsel's request to withdraw as counsel and the appeal presently pending in the above-captioned matter,

IT IS HEREBY ORDERED that appellate counsel's motion to withdraw is granted.

THUS DONE AND SIGNED this ___ day of _____, 2004.

COURT OF APPEAL, THIRD CIRCUIT

_____
Judge Jimmie C. Peters

_____
Judge Michael G. Sullivan

_____
Judge John B. Scofield

4