STATE OF LOUISIANA
v.
MONICO CANO.
No. 07-845.
Court of Appeals of Louisiana, Third Circuit.
January 30, 2008.
NOT DESIGNATED FOR PUBLICATION
JOHN F. DeROSIER, District Attorney, CARLA S. SIGLER, Assistant District Attorney, Counsel for State of Louisiana.
ANNETTE FULLER ROACH, Louisiana Appellate Project, Counsel for Defendant/Appellant, Monico Cano.
Court composed of DECUIR, SULLIVAN, and GENOVESE, Judges.
SULLIVAN, Judge.
On April 14, 2005, Defendant, Monico Cano, was charged by bill of information with two counts of aggravated burglary, in violation of La.R.S. 14:60; one count of attempted carjacking, in violation of La.R.S. 14:27 and 14:64.2; one count of unauthorized use of a motor vehicle, in violation of La.R.S. 14:68.4; and one count of aggravated flight from an officer, in violation of La.R.S. 14:108.1. Defendant entered a plea of not guilty to all charges on April 20, 2005.
On May 17, 2006, Defendant entered a plea of guilty to two counts of aggravated burglary and to one count of attempted carjacking. The charges of aggravated flight from an officer and unauthorized use of a motor vehicle were nolle prossed. Defendant was sentenced on July 26, 2006 to serve fifteen years at hard labor on each count of aggravated burglary, to run concurrently with each other, and to five years at hard labor, without benefit of probation, parole, or suspension of sentence for attempted carjacking, to run consecutively with the sentences imposed for aggravated burglary. A Motion to Reconsider Sentence was filed on August 2, 2006. The motion was denied at a hearing held on March 14, 2007. A Motion for Appeal and Designation of Record was filed on April 11, 2007.
Appellate counsel has filed an Anders brief in this matter. For the following reasons, we affirm and grant the motion to withdraw.

FACTS
On March 5, 2005, Defendant entered the residence of Walter Vincent without authority. While inside the residence, Defendant pulled the phone lines, knocked Vincent to the floor, and struck him several times. Defendant then took Vincent's truck.
On the same date, Defendant entered the residence of James and Kathy Walsh and demanded that James drive him somewhere. James refused. Kathy tried to call 911, and Defendant attacked her. James attempted to get Defendant off his wife and struck Defendant with a cordless phone. Defendant grabbed a knife from the kitchen and struggled with James, stabbing James in the face. James suffered minor injuries as a result.
On the same date, Defendant flagged down Mendy Thibodeaux and Leann Addison. Defendant opened the passenger door of the truck, got inside, and told them to hurry. Once inside, Defendant grabbed Thibodeaux by the neck and held her in a headlock, causing Thibodeaux to cut her lower lip. Defendant then jumped out of the truck and ran into a house.

ANDERS ANALYSIS
Pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396 (1967), Defendant's appellate counsel has filed a brief stating that she could find no errors on appeal that would support reversal of Defendant's convictions or sentences. Thus, counsel seeks to withdraw.
In State v. Benjamin, 573 So.2d 528, 531 (La.App. 4 Cir. 1990), the fourth circuit explained the Anders analysis:
When appointed counsel has filed a brief indicating that no non-frivolous issues and no ruling arguably supporting an appeal were found after a conscientious review of the record, Anders requires that counsel move to withdraw. This motion will not be acted on until this court performs a thorough independent review of the record after providing the appellant an opportunity to file a brief in his or her own behalf. This court's review of the record will consist of (1) a review of the bill of information or indictment to insure the defendant was properly charged; (2) a review of all minute entries to insure the defendant was present at all crucial stages of the proceedings, the jury composition and verdict were correct and the sentence is legal; (3) a review of all pleadings in the record; (4) a review of the jury sheets; and (5) a review of all transcripts to determine if any ruling provides an arguable basis for appeal. Under C.Cr.P. art. 914.1(D) this Court will order that the appeal record be supplemented with pleadings, minute entries and transcripts when the record filed in this Court is not sufficient to perform this review.
Pursuant to Anders and Benjamin, we have performed a thorough review of the record, including pleadings, minute entries, the charging instrument, and the transcripts. Defendant was properly charged in a bill of information, was present and represented by counsel at all crucial stages of the proceedings, and entered a free and voluntary guilty plea after properly being advised of his rights in accordance with Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709 (1969). Additionally, Defendant received legal sentences.
We have found no issues which would support an assignment of error on appeal. Therefore, counsel's motion to withdraw is granted.
CONVICTIONS AND SENTENCES AFFIRMED. MOTION TO WITHDRAW GRANTED.

ORDER
After consideration of appellate counsel's request to withdraw as counsel and the appeal presently pending in the above-captioned matter;
IT IS HEREBY ORDERED that appellate counsel's motion to withdraw is granted.