STATE OF LOUISIANA

COURT OF APPEAL, THIRD CIRCUIT

08-287

STATE OF LOUISIANA

VERSUS

FELIPE MORENO

****************

APPEAL FROM THE
THIRTY-SIXTH JUDICIAL DISTRICT COURT
PARISH OF BEAUREGARD, NO. CR-508-06
HONORABLE HERMAN I. STEWART, JR., DISTRICT JUDGE

****************

JAMES T. GENOVESE
JUDGE

****************

Court composed of Jimmie C. Peters, Elizabeth A. Pickett, and James T. Genovese, Judges.

CONVICTION AND SENTENCE AFFIRMED. MOTION TO WITHDRAW GRANTED.

Mitchel M. Evans II
416 North Pine Street
DeRidder, Louisiana 70634
(337) 462-5225
COUNSEL FOR DEFENDANT/APPELLANT:
    Felipe Moreno

David W. Burton
District Attorney – Thirty-Sixth Judicial District
ADA Richard A. Morton
Post Office Box 99
DeRidder, Louisiana 70634
(337) 463-5578
COUNSEL FOR APPELLEE:
    State of Louisiana

**GENOVESE, Judge.**

On July 28, 2006, Defendant, Felipe Moreno, was charged by bill of information with one count of possession of cocaine, in violation of La.R.S. 40:967(C). The Defendant pled guilty to the aforementioned offense on December 7, 2007. Thereafter, on December 17, 2007, the Defendant was sentenced to two-and-one-half years at hard labor, to run consecutively to any other sentence to which he might be subject. Subsequent to the imposition of his sentence, the Defendant motioned for an appeal which was granted by the trial court.

Appellate defense counsel has filed an *Anders* brief in this matter. For the following reasons, we affirm the Defendant's conviction and sentence and grant appellate defense counsel's motion to withdraw.

The record has limited information with respect to the facts surrounding the offense at issue, since the Defendant entered a guilty plea. Nevertheless, the following facts have been gleaned from the record. Subsequent to the execution of a search warrant for the Defendant's premises, he was charged by bill of information with possession of cocaine in violation of La.R.S. 40:367(C).

Pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396 (1967), Defendant's appellate counsel has filed a brief stating that he has carefully reviewed the entire record, that he has interviewed the Defendant, and that he could not find any errors on appeal that would support reversal of the Defendant's conviction or sentence. Accordingly, appellate defense counsel seeks to withdraw. Appellate defense counsel also acknowledges that a plea of guilty waives all pre-plea non-jurisdictional defects.

In *State v. Benjamin*, 573 So.2d 528, 531 (La.App. 4 Cir. 1990), the fourth

1

circuit explained the *Anders* analysis:

> When appointed counsel has filed a brief indicating that no non-frivolous issues and no ruling arguably supporting an appeal were found after a conscientious review of the record, *Anders* requires that counsel move to withdraw. This motion will not be acted on until this court performs a thorough independent review of the record after providing the appellant an opportunity to file a brief in his or her own behalf. This court's review of the record will consist of (1) a review of the bill of information or indictment to insure the defendant was properly charged; (2) a review of all minute entries to insure the defendant was present at all crucial stages of the proceedings, the jury composition and verdict were correct and the sentence is legal; (3) a review of all pleadings in the record; (4) a review of the jury sheets; and (5) a review of all transcripts to determine if any ruling provides an arguable basis for appeal. Under C.Cr.P. art. 914.1(D) this Court will order that the appeal record be supplemented with pleadings, minute entries and transcripts when the record filed in this Court is not sufficient to perform this review.

Pursuant to *Anders* and *Benjamin*, we've performed a thorough review of the record, including pleadings, minute entries, the charging instrument, and the transcripts. The Defendant was properly charged in a bill of information, was present and represented by counsel at all crucial stages of the proceedings, and entered a free and voluntary guilty plea after properly being fully advised of his rights in accordance with *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709 (1969). Additionally, the Defendant received a legal sentence for the offense to which he pled guilty.

Our review of the record has revealed that there are no issues which would support an assignment of error on appeal. Accordingly, the Defendant's conviction and sentence are affirmed, and appellate defense counsel's motion to withdraw is granted.

**CONVICTION AND SENTENCE AFFIRMED. MOTION TO WITHDRAW GRANTED.**

08-287

## COURT OF APPEAL, THIRD CIRCUIT

## STATE OF LOUISIANA

**STATE OF LOUISIANA**

    **Appellee**

**VERSUS**

**FELIPE MORENO**

    **Defendant-Appellant**

On Appeal from the Thirty-Sixth Judicial District Court, Docket Number CR-508-06, Parish of Beauregard, State of Louisiana, Honorable Herman I. Stewart, Jr., Judge.

## O R D E R

After consideration of appellate counsel's request to withdraw as counsel and the appeal pending in the above-captioned matter:

IT IS HEREBY ORDERED that appellate counsel's request to withdraw is granted.

THUS DONE AND SIGNED this _____ day of _____, 2008.

COURT OF APPEAL, THIRD CIRCUIT

_____
Judge Jimmie C. Peters

_____
Judge Elizabeth A. Pickett

_____
Judge James T. Genovese