# STATE OF LOUISIANA

# COURT OF APPEAL, THIRD CIRCUIT

## 09-1003

STATE OF LOUISIANA

VERSUS

BRANDON GEORGE

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

## APPEAL FROM THE
## FIFTEENTH JUDICIAL DISTRICT COURT
## PARISH OF LAFAYETTE, NO. 118554
## HONORABLE PATRICK L. MICHOT, DISTRICT JUDGE

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

## JAMES T. GENOVESE
## JUDGE

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

Court composed of James T. Genovese, Shannon J. Gremillion, and David E. Chatelain,\* Judges.

**CONVICTION AND SENTENCE AFFIRMED.**
**MOTION TO WITHDRAW GRANTED.**

---

\* Honorable David E. Chatelain participated in this decision by appointment of the Louisiana Supreme Court as Judge Pro Tempore.

**Michael Harson**
**District Attorney – Fifteenth Judicial District**
**J. N. Prather, Jr., Assistant District Attorney**
**Post Office Box 3306**
**Lafayette, LA 70502**
**(337) 232-5170**
**COUNSEL FOR APPELLEE:**
      **State of Louisiana**

**G. Paul Marx**
**Louisiana Appellate Project**
**Post Office Box 82389**
**Lafayette, LA 70598-2389**
**(337) 237-2537**
**COUNSEL FOR DEFENDANT/APPELLANT:**
      **Brandon George**

**GENOVESE, Judge.**

In an amended bill of information, the Defendant, Brandon George, was charged on April 15, 2008, with committing the following offenses: (1) count 1 - aggravated burglary, a violation of La.R.S. 14:60; (2) count 2 - simple battery of a person over the age of 65, a violation of La.R.S. 14:50.1;[1] (3) count 3 - aggravated battery, a violation of La.R.S. 14:34; and (4) count 4 - unauthorized use of a motor vehicle, a violation of La.R.S. 14:68.4.

Pursuant to a plea agreement, the Defendant pled guilty to aggravated burglary, and the remaining charges were dismissed. The State also agreed to a sentencing cap of fifteen years with the sentence to run concurrently with any other sentence he was serving. The Defendant was sentenced on May 21, 2009, to serve fifteen years at hard labor to run concurrently with any other sentence to which he was subject. The Defendant did not file a motion to reconsider sentence.

The Defendant's appellate counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396 (1967), alleging that the record contains no pre-plea errors to support a reversal of the Defendant's conviction and sentence in this matter. For the following reasons, we affirm the Defendant's conviction and sentence and grant his appellate counsel's motion to withdraw.

## FACTS

The following facts were set forth at the Defendant's guilty plea and sentencing hearings. On November 27, 2007, the Defendant and an accomplice entered an inhabited dwelling belonging to Ms. Laura Durio, an elderly woman, without her authorization. To gain entry in the dwelling, the men threw red pepper in Ms. Durio's

---

[1]Louisiana Revised Statutes 14:50.1 was repealed by Louisiana Acts, No. 220, § 13, effective June 14, 2008.

1

eyes. While inside, the victim was knocked down, beaten and kicked, dragged by her hair, and then thrown into a closet where she was locked inside. The victim's home was then burglarized and her vehicle stolen.

## *ANDERS* ANALYSIS

Pursuant to *Anders*, 386 U.S. 738, the Defendant's appellate counsel has filed a brief stating that he has made a conscientious and thorough review of the trial court record and could find no errors for appeal that would support reversal of the Defendant's conviction or sentence. Thus, the Defendant's appellate counsel seeks to withdraw.

In *State v. Benjamin*, 573 So.2d 528, 531 (La.App. 4 Cir. 1990), the fourth circuit explained the *Anders* analysis:

> When appointed counsel has filed a brief indicating that no non-frivolous issues and no ruling arguably supporting an appeal were found after a conscientious review of the record, *Anders* requires that counsel move to withdraw. This motion will not be acted on until this court performs a thorough independent review of the record after providing the appellant an opportunity to file a brief in his or her own behalf. This court's review of the record will consist of (1) a review of the bill of information or indictment to insure the defendant was properly charged; (2) a review of all minute entries to insure the defendant was present at all crucial stages of the proceedings, the jury composition and verdict were correct and the sentence is legal; (3) a review of all pleadings in the record; (4) a review of the jury sheets; and (5) a review of all transcripts to determine if any ruling provides an arguable basis for appeal. Under C.Cr.P. art. 914.1(D) this Court will order that the appeal record be supplemented with pleadings, minute entries and transcripts when the record filed in this Court is not sufficient to perform this review.

Pursuant to *Anders* and *Benjamin*, we have performed a thorough review of the record, including pleadings, minute entries, the charging instrument, and the transcripts. The Defendant was properly charged in a bill of information, was present and represented by counsel at all crucial stages of the proceedings, and entered a free

and voluntary guilty plea after properly being advised of his rights in accordance with *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709 (1969). Additionally, the Defendant received a legal sentence in conformity with his plea agreement.

We have found no legal or other issues which would support an assignment of error on appeal. Therefore, the Defendant's conviction and sentence are affirmed, and counsel's motion to withdraw is granted.

**CONVICTION AND SENTENCE AFFIRMED. MOTION TO WITHDRAW GRANTED.**

**COURT OF APPEAL, THIRD CIRCUIT**

**STATE OF LOUISIANA**

**09-1003**

**STATE OF LOUISIANA**

**VERSUS**

**BRANDON GEORGE**

On Appeal from the Fifteenth Judicial District Court, Docket Number 118554, Parish of Lafayette, State of Louisiana, Honorable Patrick L. Michot, Judge.

**O R D E R**

After consideration of appellate counsel's request to withdraw as counsel and the appeal presently pending in the above-captioned matter;

IT IS HEREBY ORDERED that appellate defense counsel's motion to withdraw is granted.

THUS DONE AND SIGNED this _____ day of _____, 2010.

COURT OF APPEAL, THIRD CIRCUIT

_____
Judge James T. Genovese

_____
Judge Shannon J. Gremillion

_____
Judge David E. Chatelain*

_____
     * Honorable David E. Chatelain participated in this decision by appointment of the Louisiana Supreme Court as Judge Pro Tempore.