NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

11-165

STATE OF LOUISIANA

VERSUS

LIONEL PAUL DUGAS

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
SIXTEENTH JUDICIAL DISTRICT COURT
PARISH OF IBERIA, NO. 07-1638
HONORABLE GERARD B. WATTIGNY, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

PHYLLIS M. KEATY
JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Marc T. Amy, and
Phyllis M. Keaty, Judges.

Amy, J., dissents.

MOTION TO WITHDRAW DENIED;
BRIEFING ORDERED.

**J. Phillip Haney**
**District Attorney**
**Walter J. Senette, Jr.**
**Assistant District Attorney**
**300 Iberia Street, Suite 200**
**New Iberia, Louisiana  70560**
**(337) 369-4420**
**Counsel for:**
       **State of Louisiana**

**G. Paul Marx**
**Louisiana Appellate Project**
**Post Office Box 82389**
**Lafayette, Louisiana  70598**
**(337) 237-2537**
**Counsel for Defendant/Appellant:**
       **Lionel Paul Dugas**

**Lionel Paul Dugas**
**In Proper Person**
**River Correctional Center**
**26362 Highway 15**
**Ferriday, Louisiana  71334**
**Defendant**

**KEATY, Judge.**

Defendant, Lionel Paul Dugas, was charged by bill of information filed on July 23, 2007, with monetary instrument abuse, a violation of La.R.S. 14:72.2; theft over $500, a violation of La.R.S. 14:67; and forgery, a violation of La.R.S. 14:72. He entered a plea of not guilty on December 12, 2007.

On January 8, 2010, Defendant withdrew his former plea and entered a best interest plea to forgery. The remaining charges were dismissed. In accordance with a plea agreement, Defendant was sentenced to ten years at hard labor, to run concurrently with his sentences in trial court docket numbers 07-2346 and 09-2265.

A bill of information charging Defendant as a multiple offender was filed on January 12, 2010. As part of his original plea agreement, Defendant entered a plea of guilty to the habitual offender charge on January 14, 2010. His sentence for forgery was vacated, and he was sentenced to ten years at hard labor, to run concurrently to the sentences previously imposed in trial court docket numbers 07-2346 and 09-2265. Defendant filed a motion for out-of-time appeal on May 18, 2010, which was subsequently granted.

Appellate counsel filed an *Anders* brief in this matter, and Defendant set forth several issues in a pro se brief. For the following reasons, appellate counsel's motion to withdraw is denied, and appellate counsel is instructed to brief the non-frivolous issues discussed herein.

## FACTS

On or about June 27, 2007, Defendant cashed a check made out to him from Oceaneering International in the amount of $1,178.46. Two additional checks from Kidney Care of Acadiana were also cashed. The checks, which were all fake, were cashed at Menard Brothers Grocery.

## *Anders* Analysis

Pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396 (1967), Defendant's appellate counsel has filed a brief stating he could find no errors on appeal that would support reversal of Defendant's conviction or sentence. Thus, counsel seeks to withdraw.

In *State v. Benjamin*, 573 So.2d 528 (La.App. 4 Cir. 1990), the fourth circuit explained the *Anders* analysis:

> When appointed counsel has filed a brief indicating that no non-frivolous issues and no ruling arguably supporting an appeal were found after a conscientious review of the record, *Anders* requires that counsel move to withdraw. This motion will not be acted on until this court performs a thorough independent review of the record after providing the appellant an opportunity to file a brief in his or her own behalf. This court's review of the record will consist of (1) a review of the bill of information or indictment to insure the defendant was properly charged; (2) a review of all minute entries to insure the defendant was present at all crucial stages of the proceedings, the jury composition and verdict were correct and the sentence is legal; (3) a review of all pleadings in the record; (4) a review of the jury sheets; and (5) a review of all transcripts to determine if any ruling provides an arguable basis for appeal. Under C.Cr.P. art. 914.1(D) this Court will order that the appeal record be supplemented with pleadings, minute entries and transcripts when the record filed in this Court is not sufficient to perform this review.

*Id.* at 531.

In his pro se assignment of error, Defendant makes several claims. He contends it was error for the trial court to accept his guilty plea to the habitual offender charge without an affirmative showing that it was free and voluntary. He alleges his plea was involuntary because the trial court stated his habitual offender sentence would be the same as the sentence previously imposed for the underlying offense of forgery. However, his sentence under La.R.S. 15:529.1 is not subject to probation or suspension of sentence, and a sentence for forgery is. Additionally, being sentenced under La.R.S. 15:529.1 restricts his eligibility for good time.

At the time Defendant entered his plea of guilty to the underlying offense, the trial court stated: "You're going to plead guilty to these three charges. You're going to get ten years on each, credit for time served, all concurrent. But the District Attorney is reserving the right to bill you as a second felony offender on a multiple offender bill." Defendant indicated he did not understand. The trial court then explained that Defendant would receive the "same sentence" as a second felony offender. The trial court stated: "[Y]ou're going to have ten years to serve all concurrent." Defendant was subsequently sentenced to serve ten years at hard labor.

At the habitual offender hearing, Defendant entered a plea of guilty. The trial court then stated the following:

> Q. All right. It's my understanding that you have entered into a plea agreement which you have agreed to plead to this second or subsequent offense giving your prior offense of the Unauthorized Entry and this offense of Forgery and that exchange for that plea the Court's going to sentence you to ten years at hard labor, credit for time served. That's going to be your actual sentence. So is, is that your understanding of what's going to happen if you plead guilty to this second or subsequent offense?
>
> A. It makes me an [sic] multi offender?
>
> Q. Yes.
>
> A. And my time run flat.
>
> Q. And your time's going to be ten years.
>
> A. Yes, sir.
>
> Q. The same as you were given previously, okay?
>
> A. Yes, sir.

The trial court subsequently sentenced Defendant, stating the following: "In accordance with your plea agreement, I sentence you on this Bill of Information to ten years at hard labor, credit for time served." There was no mention of the denial

3

of probation or suspension of sentence. However, pursuant to La.R.S. 15:529.1(G), Defendant's sentence was to be served without benefit of probation and suspension of sentence. Furthermore, there may be restrictions on his eligibility for good time. La.R.S. 15:571.3.

We find appellate counsel should brief the issues involving the voluntariness of Defendant's plea in light of the trial court's comment that his habitual offender sentence would be the same as that originally imposed for forgery.

**Errors Patent**

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed for errors patent on the face of the record. Our review of the record revealed one such error. The trial court failed to inform Defendant of his rights to silence, a hearing, and to have the State prove its case at his habitual offender proceeding.

Because this issue is enmeshed with the pro se assignment of error which we are requiring counsel to brief, counsel is also ordered to brief this error patent.

Counsel's motion to withdraw is denied.

**MOTION TO WITHDRAW DENIED; BRIEFING ORDERED.**

This opinion is NOT DESIGNATED FOR PUBLICATION.
Uniform Rules—Courts of Appeal, Rule 2–16.3.

11-165

COURT OF APPEAL, THIRD CIRCUIT

STATE OF LOUISIANA

STATE OF LOUISIANA

     Plaintiff-Appellee

VERSUS

LIONEL PAUL DUGAS

     Defendant-Appellant

On Appeal from the Sixteenth Judicial District Court, Docket Number 07-1638, Parish of Iberia, State of Louisiana, Honorable Gerard B. Wattigny, Judge.

O R D E R

     After consideration of the Motion to Withdraw as Attorney of Record filed by counsel for Defendant, Lionel Paul Dugas, and the appeal presently pending in the above captioned matter,

     IT IS HEREBY ORDERED that appellate counsel file a new appellate brief in compliance with *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396 (1967), within twenty-five (25) days of this order, addressing the issues of: 1) the voluntariness of Defendant's habitual offender plea, and 2) the trial court's failure to inform Defendant of his rights to silence, a hearing, and to have the State prove its case at his habitual offender proceeding where Defendant admitted his status as a second felony offender.

     Appellee's brief shall be filed no later than forty-five (45) days from rendition of this opinion.

     THUS DONE AND SIGNED this _____ day of _____, 2011.

               COURT OF APPEAL, THIRD CIRCUIT

               _____
               Judge Ulysses Gene Thibodeaux,
               Chief Judge

               _____
               Judge Phyllis M. Keaty

Amy, J., dissents.