NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

11-885

STATE OF LOUISIANA

VERSUS

JOHNNY OTIS DAVIS

**********

APPEAL FROM THE
ELEVENTH JUDICIAL DISTRICT COURT
PARISH OF SABINE, NO. 61488
HONORABLE STEPHEN BRUCE BEASLEY, DISTRICT JUDGE

**********

JOHN D. SAUNDERS
JUDGE

**********

Court composed of Ulysses Gene Thibodeaux, Chief Judge, John D. Saunders, and J. David Painter, Judges.

CONVICTION AND SENTENCE AFFIRMED.
MOTION TO WITHDRAW GRANTED.

Hon. Don M. Burkett
District Attorney
P. O. Box 1557
Many, LA 71449
(318) 256-6246
COUNSEL FOR PLAINTIFF APPELLEE:
    State of Louisiana

**Annette Fuller Roach**
**Louisiana Appellate Project**
**P. O. Box 1747**
**Lake Charles, LA 70602-1747**
**(337) 436-2900**
**COUNSEL FOR DEFENDANT APPELLANT:**
    **Johnny Otis Davis**

**Johnny Otis Davis**
**Claiborne Par. Detention Ctr.**
**1415 Hwy 520**
**Homer,, LA 71040**
**COUNSEL FOR DEFENDANT APPELLANT:**
    **Johnny Otis Davis**

**SAUNDERS, J.**

The Defendant, Otis Davis, was charged by bill of information with possession or introduction of contraband into a penal institution, to wit: marijuana, a violation of La.R.S. 14:402.

On August 9, 2006, the Defendant entered an *Alford* plea to the charge. The plea agreement provided that after the State filed a habitual offender bill, a fifteen year sentence would be imposed.

The Defendant filed a *pro-se* "Motion to Withdraw Guilty Plea." A hearing on the motion was held. At the hearing, the Defendant asserted that the matter should have been handled by the penal institution through regulations set up by the legislature for the Department of Public Safety and Corrections (DOC). The trial court denied the motion finding that he knowingly and intelligently entered into the plea.

The State filed a Habitual Offender Bill charging the Defendant as a fourth felony offender. The State alleged that the Defendant had previously been convicted of aggravated battery, a violation of La.R.S. 14:34, accessory after the fact to armed robbery, violations of La.R.S. 14:25 and 14:64, and distribution of cocaine, a violation of La.R.S. 40:967. A hearing was held, and the trial court found the Defendant was a fourth felony offender. As per the plea agreement, the Defendant was sentenced to fifteen years at hard labor.

Appellate counsel filed an *Anders* brief on this matter. We find there are no non-frivolous issues in this matter. Accordingly, the Defendant's conviction and sentence are affirmed, and counsel's motion to withdraw is granted.

## FACTS:

At the guilty plea proceeding, the State set forth a factual basis explaining that while incarcerated, the Defendant was searched and two joints of marijuana were found in his front pocket.

## ERRORS PATENT:

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed for errors patent on the face of the record. After reviewing the record, we find there are no errors patent.

## ASSIGNMENT OF ERROR:

Pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396 (1967), appellate counsel filed a brief stating she could find no errors on appeal that would support reversal of the Defendant's conviction or sentence. Thus, counsel seeks to withdraw.

In *State v. Benjamin*, 573 So.2d 528 (La.App. 4 Cir. 1990), the fourth circuit explained the *Anders* analysis:

> When appointed counsel has filed a brief indicating that no non-frivolous issues and no ruling arguably supporting an appeal were found after a conscientious review of the record, *Anders* requires that counsel move to withdraw. This motion will not be acted on until this court performs a thorough independent review of the record after providing the appellant an opportunity to file a brief in his or her own behalf. This court's review of the record will consist of (1) a review of the bill of information or indictment to insure the defendant was properly charged; (2) a review of all minute entries to insure the defendant was present at all crucial stages of the proceedings, the jury composition and verdict were correct and the sentence is legal; (3) a review of all pleadings in the record; (4) a review of the jury sheets; and (5) a review of all transcripts to determine if any ruling provides an arguable basis for appeal. Under [La.Code Crim.P.] art. 914.1(D) this Court will order that the appeal record be supplemented with pleadings, minute entries and transcripts when the record filed in this Court is not sufficient to perform this review.

*Id.* at 531.

Pursuant to *Anders* and *Benjamin*, we have performed a thorough review of the record, including pleadings, minute entries, the charging instrument, and the transcripts. The Defendant was properly charged by bill of information. He was present and represented by counsel at all crucial stages of the proceedings. The Defendant entered a free and voluntary guilty plea after properly being advised of his rights in accordance with *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709 (1969). Additionally, the Defendant received a sentence that did not exceed the statutory maximum.

We have found no issues which would support an assignment of error on appeal. Therefore, counsel's motion to withdraw is granted.

**CONVICTION AND SENTENCE AFFIRMED. MOTION TO WITHDRAW GRANTED.**