# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 11-1065

**STATE OF LOUISIANA**

**VERSUS**

**LILL PAUL CONLEY**

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
SIXTEENTH JUDICIAL DISTRICT COURT
PARISH OF IBERIA, NO. 10-1437
HONORABLE PAUL JOSEPH DEMAHY, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

## OSWALD A. DECUIR
## JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of John D. Saunders, Oswald A. Decuir, and Marc T. Amy, Judges.

**Amy, J., concurs in part, dissents in part, and assigns reasons.**

### MOTION TO WITHDRAW DENIED; BRIEFING ORDERED.

**J. Phillip Haney**
**District Attorney**
**300 Iberia Street, Suite 200**
**New Iberia, LA 70560**
**(337) 369-4420**
**COUNSEL FOR APPELLEE:**
    State of Louisiana

**Christopher Washington**
**Attorney at Law**
**830 Main Street**
**Baton Rouge, LA 70802**
**(225) 383-3800**
**COUNSEL FOR DEFENDANT/APPELLANT:**
    **Lill Paul Conley**

**DECUIR, Judge.**

The Defendant, Lill Paul Conley, was charged by bill of information filed on August 16, 2010, with home invasion, a violation of La.R.S. 14:62.8. He entered a plea of not guilty on September 14, 2010. On May 17, 2011, the State entered a *nolle prosequi* on the record and filed a new bill of information charging the Defendant with aggravated battery, a violation of La.R.S. 14:34. However, on May 18, 2011, the Defendant proceeded to trial by jury on the charge of home invasion. He was found guilty on May 19, 2011, and was later sentenced as an habitual offender to serve twenty-five years at hard labor.

Appellate counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396 (1967), in this matter. For the following reasons, appellate counsel's motion to withdraw is denied, and appellate counsel is instructed to brief the nonfrivolous issue discussed herein.

## FACTS:

On May 17, 2010, Ebonia Thodile lived at 18 Cedar Hill Circle in New Iberia, Louisiana. On the date in question, the Defendant was at Thodile's residence. She testified that he broke a picture frame and the two argued about a television. Thodile then called 911 as the Defendant was leaving her residence.

The Defendant subsequently returned to Thodile's residence and beat on the door and windows. She went into the bathroom and called 911. The Defendant then broke a window, entered Thodile's residence, and busted in the bathroom door. The door hit Thodile in the head, causing her to fall, and the Defendant kicked her in the head several times.

## *ANDERS* ANALYSIS:

Pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396 (1967), the Defendant's appellate counsel has filed a brief stating he could find no errors on appeal that would support reversal of the Defendant's conviction or sentence. Thus, counsel seeks to withdraw.

In *State v. Benjamin*, 573 So.2d 528 (La.App. 4 Cir. 1990), the fourth circuit explained the *Anders* analysis:

> When appointed counsel has filed a brief indicating that no non-frivolous issues and no ruling arguably supporting an appeal were found after a conscientious review of the record, *Anders* requires that counsel move to withdraw. This motion will not be acted on until this court performs a thorough independent review of the record after providing the appellant an opportunity to file a brief in his or her own behalf. This court's review of the record will consist of (1) a review of the bill of information or indictment to insure the defendant was properly charged; (2) a review of all minute entries to insure the defendant was present at all crucial stages of the proceedings, the jury composition and verdict were correct and the sentence is legal; (3) a review of all pleadings in the record; (4) a review of the jury sheets; and (5) a review of all transcripts to determine if any ruling provides an arguable basis for appeal. Under C.Cr.P. art. 914.1(D) this Court will order that the appeal record be supplemented with pleadings, minute entries and transcripts when the record filed in this Court is not sufficient to perform this review.

*Id.* at 531.

By bill of information dated August 15, 2010, the Defendant was charged with home invasion. He was arraigned and entered a plea of not guilty. Court minutes dated May 17, 2011, indicate the Defendant's case proceeded to trial. The State submitted a request for special jury instructions and responsive verdicts to the home invasion charge. The State's request for responsive verdicts was denied, and the prosecutor stated: "I'm going to file a new Bill for Aggravated Battery and nolle pros the Home Invasion." The State then filed a new bill of information charging aggravated battery. However, later that same day, the prosecutor

apparently decided to reinstitute prosecution of the home invasion charge, although no pleading in the record reflects this intention. Only the last paragraph of the court minutes from that day state:

> Later, Assistant District Attorney, . . . advised the Court and Defense that after he met with the victim in this matter, the State is going back to the original Bill of Information for the charge of Home Invasion and counsel and the Court discussed the responsive verdicts for Home Invasion and all agreed on the responsive verdicts discussed.

The record before us contains the new bill for aggravated battery that was filed on May 17. The transcript of the proceedings reveals the prosecutor asked the court to include aggravated battery and second degree battery as responsive verdicts to home invasion. When the court denied the request, the prosecutor immediately stated he was going to file a new bill for aggravated battery and "*nolle pros*" the home invasion. The minutes reflect the prosecutor changed his mind later that day. However, neither the record nor the transcript contain any reference to a reinstituted charge of home invasion as reflected in the last paragraph of the court minutes.

The following day, the case proceeded to trial on a charge of home invasion with no objection by the Defense. The judge informed the prospective jurors that the Defendant was charged with home invasion, and when the judge informed the selected jury of the charge, it was identical to that contained in the original bill charging home invasion.

The State did not file a new bill charging the Defendant with home invasion or refile the original bill, as the only date appearing on the home invasion bill is August 16, 2010. Nor is there any indication that the State amended the new

3

aggravated battery bill either orally or in writing before proceeding to trial on the charge of home invasion.  Accordingly, we find an arguable basis exists for appeal.

Under these circumstances, counsel is ordered to brief the issue of what effect, if any, the nolle prosequi of the charge of home invasion and the filing of a new bill of information charging aggravated battery has on the conviction for home invasion.

Counsel's motion to withdraw is denied.

**MOTION TO WITHDRAW DENIED; BRIEFING ORDERED.**

STATE OF LOUISIANA

COURT OF APPEAL, THIRD CIRCUIT

11-1065

STATE OF LOUISIANA
    Plaintiff-Appellee

VERSUS

LILL PAUL CONLEY
    Defendant-Appellant

On Appeal from the Sixteenth Judicial District Court, Docket Number 10-1437, Parish of Iberia, State of Louisiana, Honorable Paul Joseph deMahy, Judge.

O R D E R

After consideration of the Motion to Withdraw as Attorney of Record filed by counsel for the Defendant, Lill Paul Conley, and the appeal presently pending in the above captioned matter,

IT IS HEREBY ORDERED that appellate counsel's motion to withdraw is denied; and

IT IS HEREBY ORDERED that appellate counsel file a new appellate brief within 25 days of this order, addressing the issue of what effect, if any, the nolle prosequi of the charge of home invasion and the filing of a new bill of information charging aggravated battery has on the conviction for home invasion.

Appellee's brief shall be filed no later than 45 days from rendition of this opinion.

THUS DONE AND SIGNED this _____ day of _____, 2012.

COURT OF APPEAL, THIRD CIRCUIT

_____
Judge John D. Saunders

_____
Judge Oswald A. Decuir

_____
Judge Marc T. Amy

NUMBER 11-1065

COURT OF APPEAL, THIRD CIRCUIT

STATE OF LOUISIANA


STATE OF LOUISIANA

VERSUS

LILL PAUL CONLEY


AMY, J., concurring in part and dissenting in part.

I dissent from the majority insofar as I find the record equivocal as to whether or not the bill of information for home invasion was actually dismissed. I would order additional briefing on that issue as well. Otherwise I concur in the majority opinion.

For these reasons, I respectfully concur in part and dissent in part.