NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

11-1105

STATE OF LOUISIANA

VERSUS

WILLIAM LEBLEU

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
THIRTY-FIRST JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON DAVIS, NO. 433-09-1
HONORABLE C. STEVE GUNNELL, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

PHYLLIS M. KEATY
JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Sylvia R. Cooks, Marc T. Amy, and Phyllis M. Keaty, Judges.

CONVICTION AND SENTENCE AFFIRMED;
MOTION TO WITHDRAW GRANTED.

Michael C. Cassidy
District Attorney
Post Office Box 1388
Jennings, Louisiana 70546
(337) 824-1893
Counsel for Appellee:
        State of Louisiana

Peggy J. Sullivan
Louisiana Appellate Project
Post Office Box 2806
Monroe, Louisiana 71207
(318) 388-4205
Counsel for Defendant/Appellant:
        William LeBleu

**William LeBleu**
**In Proper Person**
**Franklin Parish Detention Center**
**388 Natures Acres Road**
**Winnsboro, Louisiana  71295**
**Defendant**

**KEATY, Judge.**

Defendant, William LeBleu, was charged by bill of information with armed robbery, a violation of La.R.S. 14:64. On March 18, 2011, Defendant pled no contest to the charge. As part of his plea agreement, the State agreed to recommend a sentence of twelve years at hard labor with credit for time served. After accepting the plea, the trial court sentenced Defendant in accordance with the recommendation. Defendant's *pro se* motion for appeal was filed on August 15, 2011, and was granted on August 16, 2011.

After the record was lodged in this court, the case was remanded to the trial court for an evidentiary hearing to determine whether Defendant would retain counsel, whether he was entitled to court-appointed counsel for the purpose of appeal, and whether he made an intelligent and voluntary waiver of counsel after an affirmative showing on the record that he had been informed by the trial court of the dangers and disadvantages of self-representation. In an order dated August 30, 2011, the trial court indicated that due to an error on the part of the court, the portion of Defendant's motion for an appeal requesting that the Louisiana Appellate Project be appointed to represent him on appeal was stricken and denied. The Louisiana Appellate Project was then appointed by the trial court to represent Defendant on appeal.

Appellate counsel has filed a brief in accordance with *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396 (1967) in this matter. We find there are no non-frivolous issues in this matter. Accordingly, Defendant's conviction and sentence are affirmed, and counsel's motion to withdraw is granted.

## FACTS

On March 25, 2009, Defendant approached the victim at an Exxon station in Jennings, Louisiana, placed a handgun in the victim's face, and demanded money.

The victim handed Defendant $100.00. The victim then disarmed Defendant, a struggle ensued, and Defendant fled the scene. Defendant was arrested a short time later.

## ERRORS PATENT

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed for errors patent on the face of the record. After reviewing the record, we find that there are no errors patent.

## *ANDERS* ANALYSIS

Pursuant to *Anders*, 386 U.S. 738, Defendant's appellate counsel has filed a brief stating that after a conscientious and thorough review of the record, he could not find any non-frivolous issues to raise on appeal. Also, appellate counsel asserts that the excessiveness of the Defendant's sentence is moot because it was imposed in accordance with his plea agreement. Accordingly, appellate counsel seeks to withdraw.

In *State v. Benjamin*, 573 So.2d 528 (La.App. 4 Cir. 1990), the fourth circuit explained the *Anders* analysis:

> When appointed counsel has filed a brief indicating that no non-frivolous issues and no ruling arguably supporting an appeal were found after a conscientious review of the record, *Anders* requires that counsel move to withdraw. This motion will not be acted on until this court performs a thorough independent review of the record after providing the appellant an opportunity to file a brief in his or her own behalf. This court's review of the record will consist of (1) a review of the bill of information or indictment to insure the defendant was properly charged; (2) a review of all minute entries to insure the defendant was present at all crucial stages of the proceedings, the jury composition and verdict were correct and the sentence is legal; (3) a review of all pleadings in the record; (4) a review of the jury sheets; and (5) a review of all transcripts to determine if any ruling provides an arguable basis for appeal. Under C.Cr.P. art. 914.1(D) this Court will order that the appeal record be supplemented with pleadings, minute entries and transcripts when the record filed in this Court is not sufficient to perform this review.

*Id*. at 531.

2

Pursuant to *Anders* and *Benjamin*, we have performed an independent, thorough review of the record, including pleadings, minute entries, the bill of information, and the transcripts. Defendant was properly charged by a bill of information and was present and represented by counsel at all crucial stages of the proceedings. Defendant pled no contest to the charge and received a legal sentence.

As noted by appellate counsel, Defendant's "Plea of No Contest and Waiver of Rights form" does not contain an agreed upon sentence as part of the plea. Also, the plea colloquy indicates that in exchange for Defendant's plea of no contest, the State would recommend a twelve-year sentence; the plea colloquy did not refer to an agreed upon sentence. As such, Defendant could seek review of his sentence on appeal. We find, however, that considering the sentencing range for armed robbery, ten to ninety-nine years, Defendant's twelve-year sentence is just above the minimum possible sentence and thus, is not excessive. La.R.S. 14:64.

We further find there are no rulings which arguably support an appeal.

**DECREE**

Defendant's conviction and sentence are affirmed. Counsel's motion to withdraw is granted.

**CONVICTION AND SENTENCE AFFIRMED. MOTION TO WITHDRAW GRANTED.**

This opinion is NOT DESIGNATED FOR PUBLICATION.
Uniform Rules—Courts of Appeal, Rule 2–16.3.