NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

11-167

STATE OF LOUISIANA

VERSUS

LIONEL PAUL DUGAS

\*\*\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
SIXTEENTH JUDICIAL DISTRICT COURT
PARISH OF IBERIA, NO. 07-2346
HONORABLE GERARD B. WATTIGNY, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*\*\*

PHYLLIS M. KEATY
JUDGE

\*\*\*\*\*\*\*\*\*\*\*\*

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Marc T. Amy, and Phyllis M. Keaty, Judges.

Amy, J., concurs in the result, affirming the defendant's conviction and sentence and granting the motion to withdraw.

CONVICTION AND SENTENCE AFFIRMED;
MOTION TO WITHDRAW GRANTED.

J. Phil Haney
District Attorney
Angela B. Odinet
Assistant District Attorney
300 Iberia Street, Suite 200
New Iberia, Louisiana 70560
(337) 369-4420
Counsel for Appellee:
        State of Louisiana

**G. Paul Marx**
**Louisiana Appellate Project**
**Post Office Box 82389**
**Lafayette, Louisiana  70598**
**(337) 237-2537**
**Counsel for Defendant/Appellant:**
           **Lionel Paul Dugas**

**Beth Smith Fontenot**
**Louisiana Appellate Project**
**Post Office Box 3183**
**Lake Charles, Louisiana  70602**
**(337) 491-3864**
**Counsel for Defendant/Appellant:**
           **Lionel Paul Dugas**

**Lionel Paul Dugas, #297292**
**In Proper Person**
**Richwood Correctional Center**
**180 Pine Bayou Circle**
**Monroe, Louisiana  71202**
**Defendant**

**KEATY, Judge.**

Defendant, Lionel Paul Dugas, was charged by bill of information filed on November 6, 2007, with illegal possession of stolen things with a value over $500, a violation of La.R.S. 14:69. He pled guilty to the charge on January 8, 2010. As part of the plea agreement, Defendant agreed to plead guilty to forgery in trial court docket number 07-1638, which is before this court in appellate docket number 11-165, and unauthorized use of a motor vehicle in trial court docket number 09-2265, which is before this court in appellate docket number 11-169. The plea agreement between the State and Defendant included a provision that Defendant was "to plead as a second felony offender on a multiple offender bill of information." On January 8, 2010, Defendant was sentenced to serve ten years at hard labor, in accordance with the plea agreement. Defendant's motion for out of time appeal was filed on May 18, 2010, and was subsequently granted.

Appellate counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396 (1967) in this matter, as well as in appellate docket numbers 11-165 and 11-169, alleging that the record does not contain any errors that would support a reversal of Defendant's conviction and sentence in this matter. In appellate docket number 11-165, this court denied appellate counsel's motion to withdraw and ordered counsel to file a new brief addressing several issues, including the voluntariness of Defendant's guilty plea to the habitual offender bill of information. *State v. Dugas*, an unpublished opinion bearing docket number 11-165 (La.App. 3 Cir. 10/12/11), 2011 WL 4808205. Because of the possible impact on the instant case, this matter was stayed pending receipt and review of the briefs in appellate docket number 11-165. An opinion in that matter has been rendered, and this matter is no longer stayed. After reviewing the record,

we affirm Defendant's conviction and sentence and grant counsel's motion to withdraw.[1]

## FACTS

On September 19, 2007, Defendant removed a dirt bike from the back of Joseph Naquin's truck and was observed pushing the bike down the street. When Defendant saw police, he dropped the bike and fled.

## ERRORS PATENT

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed for errors patent on the face of the record. After reviewing the record, we find that there are no errors patent.

## *ANDERS* ANALYSIS

Pursuant to *Anders*, Defendant's appellate counsel has filed a brief stating she could find no errors on appeal that would support reversal of the Defendant's conviction or sentence. Thus, counsel seeks to withdraw.

In *State v. Benjamin*, 573 So.2d 528, 531 (La.App. 4 Cir. 1990), the fourth circuit explained the *Anders* analysis:

> When appointed counsel has filed a brief indicating that no non-frivolous issues and no ruling arguably supporting an appeal were found after a conscientious review of the record, *Anders* requires that counsel move to withdraw. This motion will not be acted on until this court performs a thorough independent review of the record after providing the appellant an opportunity to file a brief in his or her own behalf. This court's review of the record will consist of (1) a review of the bill of information or indictment to insure the defendant was properly charged; (2) a review of all minute entries to insure the defendant was present at all crucial stages of the proceedings, the jury composition and verdict were correct and the sentence is legal; (3) a review of all pleadings in the record; (4) a review of the jury sheets; and (5) a review of all transcripts to determine if any ruling provides

---

[1] Appellate counsel asserted there were no non-frivolous errors in the case. Defendant only appeals his habitual offender conviction, which was based on his plea to forgery in trial court docket number 07-1638 (appellate docket number 11-165) and is the underlying conviction of a controlled dangerous substance.

an arguable basis for appeal. Under C.Cr.P. art. 914.1(D) this Court will order that the appeal record be supplemented with pleadings, minute entries and transcripts when the record filed in this Court is not sufficient to perform this review.

Pursuant to *Anders* and *Benjamin*, we performed a thorough review of the record, including pleadings, minute entries, the charging instrument, and the transcripts. Defendant was properly charged by bill of information, was present and represented by counsel at all crucial stages of the proceedings, and entered a free and voluntary guilty plea after properly being advised of his rights in accordance with *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709 (1969). Additionally, Defendant received a legal sentence.

## DECREE

Our review of the record has revealed no issues which would support an assignment of error on appeal. Therefore, Defendant's conviction and sentence are affirmed, and appellate counsel's motion to withdraw is granted.

**CONVICTION AND SENTENCE AFFIRMED; MOTION TO WITHDRAW GRANTED**.

This opinion is NOT DESIGNATED FOR PUBLICATION.
Uniform Rules—Courts of Appeal, Rule 2–16.3.

3