NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA

COURT OF APPEAL, THIRD CIRCUIT

12-380

STATE OF LOUISIANA

VERSUS

BENJAMIN CALEB WIEMELT

\*\*\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NO. 298,608
HONORABLE PATRICIA EVANS KOCH, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*\*\*

BILLY H. EZELL
JUDGE

\*\*\*\*\*\*\*\*\*\*\*\*

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Billy H. Ezell, and James T. Genovese, Judges.

**CONVICTION AND SENTENCE AFFIRMED. MOTION TO WITHDRAW GRANTED. THE DEFENDANT IS PERMITTED TO FILE AN APPLICATION FOR SUPERVISORY WRITS WITHIN THIRTY DAYS OF THE DATE OF THIS OPINION.**

James C. Downs
District Attorney, Ninth Judicial District Court
Michael W. Shannon
Assistant District Attorney
Post Office Drawer 1472
Alexandria, LA 71309
(318) 473-6650
COUNSEL FOR APPELLEE:
        State of Louisiana

**Paula Corley Marx**
**Louisiana Appellate Project**
**P.O. Box 80006**
**Lafayette, LA 70598-0006**
**(337) 991-9757**
**COUNSEL FOR APPELLANT:**
          **Benjamin Caleb Weimelt**

**Benjamin Caleb Weimelt, Pro Se**
**Rapides Parish Detention Center III**
**7400 Academy Drive**
**Alexandria, LA 71303**

**EZELL, Judge.**

The Defendant, Benjamin Caleb Wiemelt, was charged by bill of information filed on October 12, 2009, with carnal knowledge of a juvenile, a violation of La.R.S. 14:80. The Defendant entered a plea of not guilty on October 16, 2009. On May 10, 2012, the Defendant withdrew his former plea and entered a plea of guilty. He was then sentenced to serve two years at hard labor and to pay a fine of $500.00.

On May 14, 2010, the Defendant filed a "Motion to Set Aside Guilty Plea/Reconsider Sentence." The Defendant pled anew to the same offense on June 14, 2010, and was sentenced, in accordance with a plea agreement, to serve five years at hard labor. Four and one-half years of the sentence were suspended, and the Defendant was placed on probation for five years. The Defendant's probation was revoked on January 5, 2012.

A motion for appeal was filed on January 17, 2012. Thereafter, the record was lodged with this court, and an order issued on March 30, 2012, ordering the Defendant to show cause why his appeal should not be dismissed, as the judgment at issue was not an appealable judgment. Appellate counsel filed a response on April 20, 2012, alleging the Defendant was seeking review of his conviction and sentence and not the revocation of his probation, as probation revocations are subject to supervisory review. Appellate counsel asked this court to consider the appeal as a notice of intent to file a writ application and to allow the Defendant thirty days from the date of this court's ruling in his appeal to file his supervisory writ application. The Defendant subsequently filed a pro se response to this court's order and adopted appellate counsel's arguments. After considering the "Show Cause Brief" filed by appellate counsel, this court withdrew its order on August 20, 2012.

The Defendant's appellate counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396 (1967), alleging the record contains no errors to support a reversal of the Defendant's conviction and sentence in this matter. On December 6, 2012, the Defendant was advised that counsel filed an *Anders* brief. For the following reasons, the Defendant's conviction and sentence are affirmed, and appellate counsel's motion to withdraw is granted.

## FACTS

The Defendant, who was seventeen years of age or older, engaged in consensual sexual intercourse with an unmarried female who was thirteen years of age or older but less than seventeen years of age, and the age difference between the two was four or more years.

## ERRORS PATENT

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed for errors patent on the face of the record. After reviewing the record, we find there are no errors patent.

## *ANDERS* ANALYSIS

Pursuant to *Anders*, Defendant's appellate counsel has filed a brief stating she has made a conscientious and thorough review of the trial court record and could find no errors on appeal that would support reversal of the Defendant's conviction or sentence. Thus, counsel seeks to withdraw.

In *State v. Benjamin*, 573 So.2d 528, 531 (La.App. 4 Cir. 1990), the fourth circuit explained the *Anders* analysis:

> When appointed counsel has filed a brief indicating that no non-frivolous issues and no ruling arguably supporting an appeal were found after a conscientious review of the record, *Anders* requires that counsel move to withdraw. This motion will not be acted on until this court performs a thorough independent review of the record after

providing the appellant an opportunity to file a brief in his or her own behalf. This court's review of the record will consist of (1) a review of the bill of information or indictment to insure the defendant was properly charged; (2) a review of all minute entries to insure the defendant was present at all crucial stages of the proceedings, the jury composition and verdict were correct and the sentence is legal; (3) a review of all pleadings in the record; (4) a review of the jury sheets; and (5) a review of all transcripts to determine if any ruling provides an arguable basis for appeal. Under C.Cr.P. art. 914.1(D) this Court will order that the appeal record be supplemented with pleadings, minute entries and transcripts when the record filed in this Court is not sufficient to perform this review.

Appellate counsel's *Anders* brief must review the record and provide "a detailed and reviewable assessment for both the defendant and the appellate court of whether the appeal is worth pursuing in the first place." *State v. Mouton*, 95-981, p. 2 (La. 4/28/95), 653 So.2d 1176, 1177.

In her *Anders* brief, appellate counsel first considered an excessive sentence claim. She notes the Defendant pled guilty in exchange for a specific sentence. Thus, any claim that his sentence is excessive is procedurally barred in accordance with La.Code Crim.P. art. 881.2(A)(2), which provides: "The defendant cannot appeal or seek review of a sentence imposed in conformity with a plea agreement which was set forth in the record at the time of the plea."

The plea form indicates the parties agreed that, in exchange for his plea, the Defendant would receive the sentence imposed by the trial court on June 14, 2010. Thus, any claim of excessiveness of sentence is barred.

Appellate counsel also considered the legality of the conditions of the Defendant's probation. As a condition of probation, the trial court ordered the payment of a $500.00 fine and court costs by November 29, 2010, and ordered default time in the amount of thirty days for failure to timely pay. Appellate counsel asserts

3

the default time should be deleted and the trial court instructed to make an entry in the minutes reflecting this amendment.

In *State v. Monette*, 99-1870, p. 14 (La.App. 4 Cir. 3/22/00), 758 So.2d 362, the defendant complained about fines imposed as a condition of her probation. The fourth circuit noted her probation had been revoked, rendering the issue moot. Based on *Monette*, any claim regarding default time is moot, as the Defendant's probation was revoked on January 12, 2012.

Pursuant to *Anders* and *Benjamin*, we have performed a thorough review of the record, including pleadings, minute entries, the charging instrument, and the transcripts. Defendant was properly charged in a bill of information, was present and represented by counsel at all crucial stages of the proceedings, and entered a free and voluntary guilty plea after properly being advised of his rights in accordance with *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709 (1969). Additionally, the Defendant received a legal sentence that was also in conformity with his plea agreement.

A review of the record has revealed no issues which would support an assignment of error on appeal. Therefore, appellate counsel's motion to withdraw is granted. The Defendant may seek supervisory writs within thirty days of the date of this decision seeking review of his probation revocation. The Defendant is not required to file a notice of intent to seek writs nor must he obtain an order from the trial court setting a return date, as is generally required by Uniform Rules—Courts of Appeal, Rule 4–3. We construe the motion for appeal as a timely-filed notice of intent to seek a supervisory writ.

**CONVICTION AND SENTENCE AFFIRMED. MOTION TO WITHDRAW GRANTED. THE DEFENDANT IS PERMITTED TO FILE AN APPLICATION FOR SUPERVISORY WRITS WITHIN THIRTY DAYS OF THE DATE OF THIS OPINION.**

This opinion is NOT DESIGNATED FOR PUBLICATION. Uniform Rules—Courts of Appeal. Rules 2–16.3.

12-380

COURT OF APPEAL, THIRD CIRCUIT

STATE OF LOUISIANA


STATE OF LOUISIANA

    Plaintiff-Appellee

VERSUS

BENJAMIN CALEB WIEMELT

    Defendant-Appellant


On Appeal from the Ninth Judicial District Court, Docket Number 298,608, Parish of Rapides, State of Louisiana, Honorable Patricia Evans Koch, Judge.

# **O R D E R**

After consideration of appellate counsel's request to withdraw as counsel and the appeal presently pending in the above-captioned matter;

IT IS HEREBY ORDERED that appellate counsel's motion to withdraw is granted.

THUS DONE AND SIGNED this _____ day of _____, 2013.

                    COURT OF APPEAL, THIRD CIRCUIT


                    _____
                    Judge Ulysses Gene Thibodeaux


                    _____
                    Judge Billy H. Ezell


                    _____
                    Judge James T. Genovese